## CROKER *vs*. THE STATE.

[INDICTMENT FOR ROBBERY.]

| 47 | 53 |
|---|---|
| 115 | 82 |

1. *Robbery; description of property, what insufficient.*—In an indictment for robbery, a description of the property taken as "ten dollars in money of the United States currency," is too indefinite.
2. *Same; what equivalent to a taking from the person.*—Property taken in the presence of the owner, under circumstances constituting robbery, is taken from his person.
3. *Copy of indictment and list of jurors; failure to serve on defendant, when reversible error.*—The failure to serve a copy of the indictment and list of jurors on the defendant in actual custody, one entire day before the trial, is a reversible error.
4. *Sentence; failure to do what, invalidates.*—So, too, is the failure to ask him, when convicted, if he has anything to say why sentence should not be passed on him.
5. *Arrest of judgment; what not ground for.*—The misconduct of the jury in dispersing and mingling with other persons after the cause has been submitted to them, is ground of new trial, but not of arrest of judgment.
6. *Quere.*—Whether the verdict, " We, the jury, find the defendant guilty

of robbery; imprisonment ten years in penitentiary," sufficiently ascertains the subject of the punishment.

APPEAL from Circuit Court of Calhoun.
Tried before Hon. W. L. WHITLOCK.

The indictment in this case was as follows, omitting the caption, &c.: "The grand jury of said county charge, that before the finding of this indictment, James Croker feloniously took ten dollars in money of United States currency, and five gallons of whiskey, less one pint, the property of Lemuel Reaves, from his person and presence, and against his will, by putting him in such fear as unwillingly to part with the same, against the peace," &c.

The defendant went to trial on plea of not guilty, and the jury returned the following verdict: "We, the jury, find the defendant guilty of robbery; imprisonment ten years in penitentiary." The court passed sentence on this verdict on October 14, 1871, but the judgment entry does not show that defendant was asked before sentence was passed if he had anything to say why judgment should not be awarded against him. There was no bill of exceptions taken on the trial. The record shows that on the 7th of October, an order was made by the court directing the sheriff to bring the defendant, who was then confined in the jail of Cleburne county, to Calhoun county, (to which the trial of the cause had been changed,) for trial. There is nothing in the record to show that defendant was in actual confinement at the time of the trial, save what appears in the motion in arrest of judgment and the order overruling the same.

After sentence was passed, and on the 18th day of October, 1871, a minute entry shows that "defendant, in his own proper person and by counsel, moves the court in arrest of judgment, and to set aside the verdict of the jury on the following grounds:

"1st. The defendant was confined in jail, charged with a capital offense, and was not served with a copy of the indictment and list of jurors one entire day before the day set for his trial.

Crocker v. The State.

"2d. The jury was permitted by the court, after they had been impanneled and sworn, to separate and disperse from time to time during the progress of the trial, to get their meals, and did mix with the crowd in attendance upon court without the consent of defendant.

"3d. The indictment does not describe with sufficient certainty the kind of currency alleged to have been stolen.

"4th. The indictment charges two separate and distinct offenses in the same count—1st, a taking from the person; 2d, a taking from the presence. It does not aver which taking was from the person and which from his presence. It does not aver that the taking from his person was done by violence to the person.

"5th. The verdict is wanting in form and substance; it is not signed by the foreman or by any member of the jury."

The minute entry recites that "it was proved to the satisfaction of the court, that the facts set forth in the 1st and 2d grounds of the motion were true;" and that upon consideration of the motion the court overruled the same, and defendant excepted.

The ruling of the court on the motion in arrest of judgment is now assigned as error.

ELLIS & CALDWELL, for appellants.—Not serving a prisoner with copy of indictment and list of jurors is a reversible error.—*Robison v. State*, 46 Ala. 9; *Flanagan v. State*, 46 Ala. 703.

The jury, after being impanneled and sworn, should not have been permitted by the court to disperse from time to time to get their meals, and mix with those persons who were in attendance upon the court.

In many of the States, "the mere fact of separation having been shown, the possibility that a juror has been tampered with exists, and *prima facie* the verdict is vicious." By a separation of the jury "a presumption is raised that the irregularity has been prejudicial to the defendant;" and, that this presumption can only be overcome or removed by affirmative, or rather satisfactory,

proof on the part of the State, showing no improper conduct upon the part of the jury.—See *McLain v. State*, 10 Yerg. 241; *Hines v. State*, 8 Humph. 597; *Riley v. State*, 9 Humph. 644; *Luster v. State*, 11 Humph. 169; *State v. Prescott*, 7 N. H. 287; *Organ v. State*, 26 Miss. 78; *People v. Reynolds*, 2 Mich. 422. Even in the case of *Stone v. The State*, 4 Humph. 27, where a new trial was refused, it was because the State made satisfactory proof that the jury had not been tampered with. Not so, as disclosed by the record in this case.

The indictment in this case must be bad for uncertainty. "Ten dollars in money" is too uncertain a charge in criminal proceedings. The pleader might just as well have said "ten dollars in personal property," without setting out the particular kind of personal property meant. Nor is this uncertainty cured by the addition of the descriptive words, "of United States currency." These words do not describe the kind of money in such a manner as to leave nothing for intendment. If the "ten dollars in money" taken were in gold, silver, copper, or nickel coin, (all of which are United States currency,) then the number and denomination of the coin should have been stated with sufficient particularity.—*State v. Murphy*, 6 Ala., and authorities there cited.

The indictment is bad for duplicity. It charges two separate and distinct offenses in the same count—1st, a taking from the person; 2d, a taking from the presence of the prosecutor. It does not aver which taking was from the person, nor which was from the presence of the prosecutor. If the "money" was taken from his person, then the "whiskey" was taken from his presence; making two separate, independent takings or offenses committed by the defendant. If there were not two takings, the pleader would not have charged that the "money" and "whiskey" were taken from "his person *and* presence." Clearly, there are two offenses charged. "Two offenses can not be charged in the same count; the count in such a case would be bad for duplicity."—Arch. Cr. Pl. 95, 96, as cited in *Burgess v. State*, 44 Ala. 193.

The verdict of the jury should have been set aside, because it was wanting in form and matter. "We, the jury, find the defendant guilty of robbery; imprisonment ten years in penitentiary." It is the province of the jury to make and return into court a verdict in all cases; and, in cases of robbery, (Code, § 3668,) they alone can fix the punishment. There is an ellipsis in this verdict which the jury did not supply; they did not fix his punishment. The court has no power to do it.

J. W. A. SANFORD, Attorney-General, *contra.*

B. F. SAFFOLD, J.—The indictment charged the appellant with feloniously taking "ten dollars in money of United States currency, and five gallons of whiskey, less one pint, the property of Lemuel Reaves, from his person and presence, and against his will, by putting him in such fear as unwillingly to part with the same."

The description of the money is too indefinite. The term "currency," when applied to the medium of trade, means equally coin, bank notes, or notes issued by the government.—Webster's Dict.

The averment that the taking of the money and whiskey was from the person and presence of the party robbed, is not the inclusion of two separate offenses conjunctively in the same count. Property taken in the presence of the owner, under circumstances constituting robbery, is taken from his person.—1 Russ. on Crimes, 873.

The failure to serve a copy of the indictment and a list of the jurors on the defendant, who was in custody, one entire day before the trial, is a reversible error.—*Flanagan v. State*, 46 Ala. 703.

The misconduct of the jury in dispersing and mingling with other persons after the cause was submitted to them, has been held by this court to be a good cause for a new trial, but not a ground for arrest of judgment.—*Franklin v. State*, 29 Ala. 14; *Brister v. State*, 26 Ala. 107.

Another error apparent from the record is, the defend-

ant was not asked if he had anything to say why sentence should not be pronounced on him.---*Perry v. State*, 43 Ala. 21.

The verdict, "We, the jury, find the defendant guilty of robbery ; imprisonment ten years in penitentiary," is imperfect in the expression of the subject of the punishment to be inflicted. *Quere*, whether the judgment should be reversed if this were the only error.

The judgment is reversed and the cause remanded.