NORRIS v. STATE, 33 Miss. R., 373.

### SLAVE STEALING.

Under the Constitution, "in all criminal prosecutions, the accused hath the right to demand the nature and cause of action against him." And this right so secured requires that the facts which constitute the alleged crime, should be stated in the indictment with sufficient certainty to enable the accused to know with what offense he is charged, and to prepare his defense, both by plea of not guilty and of former conviction or acquittal.

An indictment under the statute, Hutch. Dig., § 4, p. 981, which provides that "every person who shall feloniously steal the property in another state or country, and shall bring the same into this state, may be convicted and punished in the same manner as if such larceny had been committed in this state," &c., must allege the stealing in such other state or country, and a bringing of the property into this state; otherwise it will be defective, and should be quashed. HANDY, J., *dissented*.

If the indictment merely charges the accused with a felonious stealing of property in the county in which it is preferred, he cannot be convicted of an offense under the fourth section of the act (Hutch. Dig., 981), because the indictment does not sufficiently charge the offense. Such indictment does not give the accused "the nature and cause

of the accusation against him," and precludes him from pleading a former conviction or acquittal in the state or country where the property was stolen. HANDY, J., *dissented.*

Error to Madison circuit court. HENRY, J.

*Franklin Smith*, for plaintiff in error,

Cited, Hutch. Dig., p. 1006, §§ 72, 73; Const. U. S., art. 4, § 1 and § 2, ¶ 2; ib., art. 5, 6, amended; ib., art. 3, § 2, ¶ 3; Const. Miss., art. 1, § 10; People v. Gardner, 2 Johns., 477; People v. Schenck, ib., 478; Simmons v. Commonwealth, 5 Binn., 617; Sarah v. State, 28 Miss., 269, 275; State v. Brown, 1 Hay, L. & E., R., 100; Green v. State, 23 Miss., 513; Vaughn v. State, 3 S. & M., 554; Ligon v. State, 8 ib., 699; 2 Mass., 23, note *a;* 2 East P. C., 771; Nightingale v. Adams, 1 Show., 89; Butler's case, 13 Coke, 53; Commonwealth v. Deacon, 10 S. & R., 125; Const. Ark., p. 19, §§ 10, 11, 24; Rev. Stat. Ark., 252.

*T. J. Wharton*, for the state,

Cited, Bishop Cr. Law, §§ 595–600; ib., §§ 650–655; 2 East P. C., 771, 772; 1 Hawk., P. C., ch. 33, § 9; 1 Mass., 115; 2 ib., 14; 5 Binn., 619, *et seq. ;* People v. Burke, 11 Wend., 129; 4 Humph., 456; State v. Seay, 3 Stew. (Ala.), 123; Murray v. State, 18 Ala., 727; Hemmaker v. State, 12 Missouri, 453; Fox v. Ohio, 5 How. U. S. R., 410.

FISHER, J.:

This was an indictment in the circuit court of Madison county, charging the defendant with stealing a certain slave.

The indictment, consisting of several counts, charges the offense to have been committed in Madison county, and the court was accordingly asked on the trial to instruct the jury that unless they were satisfied the offense was committed in said county they should acquit the defendant; which instruction the court refused to give, and which refusal presents the most important question arising out of the evidence for our decision.

The evidence tended strongly to show that if the defendant were guilty at all of the larceny, he had stolen the slave in the state of Arkansas, and had brought him to the county of Madi-

son in this state; and the court, no doubt believing the defendant under this evidence could be convicted under a provision of the statute, which will be hereafter noticed, refused the instruction on the ground that it confined the action of the jury merely to one branch of the testimony, when it was believed to be competent for them to consider it as a whole, and if they believed it as a whole to be true, to convict instead of acquitting the defendant. The statute above referred to is as follows: "Every person who shall feloniously steal the property of another, in any other state or country, and shall bring the same into this state, may be convicted and punished in the same manner as if such larceny had been committed in this state; and in every such case such larceny may be charged to have been committed in any town, city, or county into or through which such stolen property shall have been brought." "Every person presented under the above section may plead a former conviction or acquittal for the same offense in another state or country." Hutch. Code, § 4, 5, p. 981. The indictment in this case merely charges the defendant with larceny in the county of Madison, and makes no mention of an offense in another state, and a bringing of the stolen property into this state.

The question, therefore, is not whether the testimony establishes an offense bringing the defendant within the provisions of the statute, but whether the indictment sufficiently charges him with the commission of such offence; for if not, it matters not how clear the proof may have been, it could not, under any just rule, establish more than the indictment itself charges. An indictment for a larceny committed in the county of Madison, in this state, in the usual form, and containing only the usual averments of such an indictment, wholly fails to give the defendant the least notice of an offense against the statute above quoted; for to constitute an offense against the statute there must be both a stealing of the property in another state or country, and a bringing of it into this state; and these facts both being necessary to constitute the offense, must be sufficiently set forth in the indictment in order not only to conform to a well-established rule of pleading, that the facts which constitute the crime or cause of action must be alleged with suffi-

cient certainty, but that the accused may know what it is that he is called on to answer, so that he may prepare for his defense accordingly. Such, certainly, is the spirit of the Constitution, and the right which it intended to secure to the accused in criminal prosecutions when it declares that "he hath a right to demand the nature and cause of the accusation" against him.

The government, in engrafting this provision upon its organic law, did not, as is by some erroneously supposed, proceed upon a principle of tenderness for those actually guilty of crime, but upon a more wise and humane principle, sanctioned by the experience of ages, that an innocent person may be unjustly accused of crime, and to afford him an ample opportunity, when so accused, to vindicate his innocence. If government could be absolutely assured that none but the really guilty would ever be put upon their trial for crime, it would perhaps not trouble itself to prescribe rules to govern such trials; but as this is utterly impossible, it must act upon the principle, as far as possible, of protecting the innocent, and punishing only the guilty; and almost all the rules which govern courts on the trials of criminal prosecutions, have their origin in this principle.

The object is not to screen the guilty, but to protect the innocent; and, by departing from a rule supported by the clearest dictates of reason, while it may be true that the guilty will but seldom, if ever, escape punishment, yet it may be equally true, that the innocent may, with almost equal facility, in many cases, be convicted, and unjustly suffer a punishment designed by the law for criminals only. It is, however, said, that the indictment in this case conforms to the provision of the statute which declares that the party may be indicted for a larceny at the place to which he shall have brought the property. This provision must be construed with reference to the other provisions of the statute. For instance, this is a good common law indictment, charging the defendant with a larceny committed in Madison county, but saying nothing concerning a larceny committed in another state. Now suppose the defendant had interposed a plea to the indictment, that he had been tried in a certain court in the state of Arkansas in regard

to the larceny charged in the indictment, and had been acquitted; would the plea have been considered as a good answer to such indictment? Most certainly not; for the obvious reason, that the indictment did not charge him with an offense committed in Arkansas, and that the acquittal there was no answer to a prosecution for an offense committed in another state. Or suppose that he had been tried in Arkansas, and had been convicted, and had, after receiving the punishment under the laws of that state, brought the property to Madison county, in this state. Here there would be both a stealing in another state and a bringing of the property into this state; but the law declares that this shall not be an offense against our law, and why? Because he had already been punished for the larceny in another state. Now, suppose he had pleaded this conviction as a defense to the indictment, would the plea have been received? Most certainly not; and why? Because the indictment presents no such case, but merely a case of larceny in the county of Madison. Or, if such a plea could be treated as good, why could not the defendant plead it to every common law indictment for larceny, and thus often delay the trial with an immaterial issue? The fifth section of the statute declares, that every person presented under the fourth section may plead an acquittal or conviction in another state or county. What does this section mean, when it declares that every person presented under the fourth section may interpose these matters in his defense? Most clearly it refers to a case where the indictment shows on its face that the accused is charged with an offense against the fourth section of the law. The defence, under the fifth section, can only be made when the prosecution is brought, by the terms of the indictment, within the provisions of the fourth section; and what is, therefore, the obvious meaning of the two sections as a whole? Clearly, that if the party is prosecuted for a violation of the fourth section, the indictment must so charge him, otherwise he could not avail himself of the benefit of the various matters in defense secured under the fifth section.

We are, therefore, of opinion that the court erred in refusing to give this instruction.

We are of opinion, that the court committed no error in refusing the other instruction, relating to the ownership of the slave.

Judgment reversed, and new trial granted.

HANDY, J., dissenting.

Being unable to concur in the opinion of the majority of the court, I will briefly state my views upon the subject.

The first question for consideration is, whether a person who has stolen property in another state, and brought it into this state, and has it in possession in this state, may be charged, in an indictment for the offense, with having committed the larceny in any county of this state, in which he may have possession of the stolen property, and whether such an indictment is sufficient, under the statute in relation to such an offense.

It appears to me, that the positive provision of the statute places this question beyond doubt. After prescribing the manner in which such felony shall be punished, the statute goes on to provide, "that in every such case, such larceny may be charged to have been committed in any town, city or county into or through which such stolen property shall have been brought." Hutch. Code, 981, § 4. This language is too clear to admit of construction. It can mean nothing but that it shall be sufficient to charge in the indictment, that the larceny was committed by the accused in any town, city or county into which he may bring the stolen property; in other words, that it shall not be necessary to charge in the indictment, that the property was stolen in another state, and brought into this state.

The reason and policy of this possession is manifest. It is founded upon the idea, that bringing stolen property into this state from another state, and having possession of it here, is a substantive mischief; because our citizens may be injured by being induced to become purchasers of such property, and afterwards be deprived of it by the rightful owner; and hence it was deemed necessary to prevent it by stringent laws. The statute plainly intended to dispense with the necessity of charging the felony to have been committed in another state, in order to avoid the fullness of proof of such an averment, re-

quired by the rules of evidence in criminal cases, and for the want of which, and considering the difficulty of making such full technical proof, the offender might escape punishment. The felonious taking in another state is not the evil intended to be punished, or prevented by the statute. That is merely preliminary to the mischief contemplated, though in continuation of the original larceny. It is the bringing into this state which was intended to be prevented. As that was the substantive offense in contemplation, it was the intent of the statute to avoid the difficulties incident to an averment that the accused feloniously took the property in another state, to recognize a less degree of proof of that fact, than would be necessary to sustain a distinct averment of it in the indictment; and, if the property was found in the possession of the accused in this state, and was proved to have been taken from the possession of the owner in another state, and the accused was unable to give any satisfactory explanation of his possession, in such cases to leave it to the jury to say, whether the property was stolen by the accused in the state from which it was taken. It was not intended to dispense with all proof of the taking in another state, but to dispense with the strictness of proof required to support an averment of that fact in the indictment. The policy of such regulations may be a matter of question, but that it is so written in the statute, appears to me to be a fact about which there can be no doubt, and too plain for construction.

It is said that the following section of the statute, which allows the felon to plead a former conviction or acquittal for the same offense in another state, shows that it was not intended by the preceding section to dispense with the averment of felonious taking in another state, because he would be debarred of the privilege secured to him by this section, if the indictment here did not charge the taking in the other state, and thereby identify the offense. But I do not perceive the force of this view. The record from the other state would certainly particularize the offense; and if the larceny there charged was the same in fact as that upon which the indictment here was founded. surely the accused would have a perfect right, and

it would be entirely competent for him to introduce, in support of his plea of former conviction or acquittal, the record from the other state, and show, by testimony, that the two charges were founded upon the same felonious taking. The identity of the offenses is to be proved by other testimony than that of record. Arch. Cr. Pl. 86, 4th Amer. ed. If the provision of this fifth section was, that the acquittal or conviction in this state might be pleaded in bar of a prosecution for the same offense in another state, the view taken would be well founded. But that is not the provision of the statute; and if it was, it would be absurd, for the legislature could not prescribe rules of judicial proceeding to courts of other states.

It appears to me, therefore, that no aid is derived to the construction contended for from this section of the statute.

Another ground of error, which is considered by the majority of the court as well taken, is, that the offense for which the accused was tried is not charged in the indictment with the requisite certainty to sustain the conviction.

I have attempted to show that the statute prescribed the mode of charging offenses of this character, and authorizing the form adopted in the indictment in this case; and it appears to me that the averment is sufficiently certain for all reasonable purposes of defense. The accused is charged with stealing a slave in Madison county, with a designation of the name of the slave and of his owner. He is thus informed of "the *nature* and *cause* of the accusation against him"; of its *nature*, which consists in feloniously stealing property; and of the *cause*, which consists in the designation of the thing stolen, and of the name of the owner. He has brought this stolen property into this state, and has it in his possession; and he is charged with having feloniously stolen it in this state; and under our laws the gravamen of the charge consists in having the stolen property in his possession here. For what purpose is he entitled to notice of the nature and cause of the charge? Certainly for no other purpose than to enable him to understand it so distinctly, that he may prepare himself to show that it is untrue. Now he is charged with stealing a particular slave in Madison county. The prosecution makes out a *prima facie* case against

him, by showing that the slave belonged to a person in Arkansas, from whose possession he was recently taken, and the slave is shortly thereafter found in the possession of the accused in Madison county. If he prove that he did not steal the slave at all, of course he establishes that he neither stole him in Madison county nor in Arkansas. And this he has a perfect right to do if the charge be untrue. And what is the plain and natural way for him to meet the case thus made out against him ? Certainly by showing that the slave is his property, or that he is the property of another person, and is legally and rightfully in his possession; and if he establishes such a right, it is immaterial whether the evidence against him tends to prove that he committed the larceny in Madison county or in Arkansas. Having been notified that he is charged with having stolen a particular slave, he is thereby enabled to prepare his evidence to justify his possession; and if he does so, he certainly disproves the charge that he committed the larceny in Madison county.

The accused is entitled to be informed of the " nature and · cause of the accusation," but not of the evidence by which the charge is intended to be established. It was a substantive offense against our laws that the accused had the stolen property in his possession in Madison county. He was indicted for that offense, with a description of the property alleged to be stolen. And the particular circumstances constituting the offense were mere matters of evidence, offered for the purpose of establishing the charge; and if the accused was uninformed in relation to anything in the case, it was not as to the "nature and cause of the accusation," but of the particular facts tending to establish the charge.

This view I consider to be amply sustained by authority. Where goods were stolen by a person in one county in England and carried into another, he might be indicted in any county into or through which he might carry the goods as for a larceny committed in that county; because, in contemplation of law, there was a taking and carrying away in every county into which the goods were carried. Archb. Cr. Pl., 21, 22, and cases there cited; 4 Bl. Com., 304; 2 East P. C., 771. So, under the statute of 7 and 8 George 4, ch. 29, a person having

stolen goods in any part of the United Kingdom, and taking them into another part, was indictable for larceny as having been committed in that part of the kingdom where he had the goods in possession. Archb. Cr. Pl., ib. And though the rules of criminal pleading are held with as much strictness in England as in this country, and the accused is equally entitled there to be informed, with all proper certainty, of the nature and cause of the charge against him, as he is here, it has never been held there that such indictments are defective, or that they will not be sustained by evidence of the original taking in one county or part of the kingdom, and a carrying away into another place. It appears to me to be impossible to distinguish these cases in principle from that before us with reference to the point under consideration.

And the same rule has been sanctioned in this country whenever statutes similar to ours have been passed, and have become the subject of judicial decision. In New York, Missouri, and Alabama, statutes containing the same provisions as ours, and nearly in the same language, have been pronounced constitutional by their supreme courts, and indictments framed like the one in this case have been sustained, and convictions under them affirmed. The People v. Barker, 11 Wend., 129; Hemmaker v. State, 12 Missouri, 454; The State v. Seay, 3 Stewart (Ala.), 123; Murray v. State, 18 Ala., 727.

I am, therefore, of opinion that the indictment in this case is well framed to embrace the. case made out by the evidence, and that it was competent to show, by evidence, that the slave was stolen in Arkansas, and found in the possession of the plaintiff in error in this state.