## W. S. WINSTON *v.* THE STATE.

**1.** INDICTMENT for robbery described the property taken as "one currency note of the value and denomination of ten dollars, a further and more particular description of which is to the grand jury unknown." *Held,* that this description is insufficient. The indictment should at least have alleged of what nation, country, or State the note was currency.

**2.** ROBBERY is but aggravated theft, and the same degree of descriptive particularity is requisite in an indictment for the former as in one for the latter offence.

APPEAL from the District Court of Robertson. Tried below before the Hon. S. FORD.

A term of ten years in the penitentiary was the punishment assessed against the appellant, who, it appears, pursued one W. F. Terrell from the town of Hearne, and, having overtaken him, threw him down and choked him until he disgorged the ten-dollar note alluded to in the indictment. Terrell's evidence was as indefinite as the indictment, with respect to the description of the note.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The property which the appellant obtained by means of the robbery is described in the indictment as " one currency note of the value and denomination of ten dollars, a further and more particular description of which is to the grand jury unknown." We are of opinion that this description of the property is insufficient. It does not aver of what nation, country, or State the note was currency. This could and should have been done as descriptive of the kind of property. It has been held in North Carolina that in an indictment for robbery it was not necessary to charge even the kind and value of the property taken, because force and fear are the main elements of the offence. *The State* v. *Burke,* 73 N. C. 83 ; *Rex* v. *Bingley,* 5 Car. &

P. 602. So far as "value" is concerned, this seems to be the doctrine held in several of the States, as well as in England. *Boose's Case*, 10 Ohio, 575 ; *Morris' Case*, 9 Car. & P. 349 ; *Clark's Case*, Russ. & R. 181.

But robbery is simply aggravated larceny, and the same particularity is required in some of the States, and should be observed, it seems to us, in describing the kind of property, as is required in indictments for theft. *Brannon's Case*, 25 Ind. 403 ; *Croker's Case*, 47 Ala. 53 ; Clarke's Cr. Law, sect. 760.

For the necessary descriptive allegations in theft, when the property stolen was United States currency, see *Lavarre v. The State*, 1 Texas Ct. App. 685, and authorities there collated.

Because the indictment is defective, the judgment is reversed and the cause remanded.

*Reversed and remanded.*