# Owens v. The State.

*Indictment for Robbery.*

1. *Sufficiency of indictment; description of money.*—In an indictment for robbery, a description of the property alleged to have been taken as "thirty dollars in United States paper currency, the exact description and denomination of which is to the grand jury unknown," is sufficiently certain and definite.

2. *Indictment containing good and bad counts; conviction will be referred to the good count.*—Where there are good and bad counts in an indictment, and there is a general verdict of guilty, the conviction will be referred to the good count and sustained; and no objection having been taken to the indictment, or either count thereof, by demurrer or otherwise, the defect in the bad count is not available on motion in arrest of judgment.

[Owens v. The State.]

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

The facts of the case are sufficiently stated in the opinion.

GAMBLE & BRICKEN, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted, tried and convicted of robbery, and sentenced to suffer imprisonment in the penitentiary for a period of ten years. After conviction, he moved in arrest of judgment on the grounds, first, that the first count of the indictment was fatally defective, in that it failed to describe the property alleged to have been taken with sufficient definiteness; and, secondly, that the second count was defective for the same reason, and that there was a misjoinder of offenses in the second count.

In the first count, the property is described as "thirty dollars in United States paper currency, the exact description and denomination of which is to the grand jury unknown, of the value of thirty dollars, the personal property of Millie Daniel, from her person," &c.

In the case of *Grant v. The State*, 55 Ala. 201, the property was described as "three hundred and twenty dollars in national currency," followed by an averment that the particular denomination was unknown to the grand jury, and it was held that the description was sufficient. There have been numerous decisions since affirming the same principle.—*Gady v. The State*, 83 Ala. 51; *Carden v. The State*, 89 Ala. 130; *Levy v. The State*, 79 Ala, 259; *Duvall v. The State*, 63 Ala. 12.

The rule is, that when there are good and bad counts in an indictment, and there is a general verdict of guilty, the conviction will be referred to the good count. No objection was taken to the indictment or either count, by demurrer or otherwise, but the defendant went to trial upon a plea of "not guilty" to the indictment as a whole. We have shown that the first count was good, and the conviction can be sustained, on that count. We need not consider the objection to the second count.

Affirmed.