# Verberg, *v*. The State.

*Indictment for Larceny.*

1. *Indictment for larceny; sufficiency thereof.*—An indictment for
   the larceny of money, which charges that the defendant
   "feloniously took and carried away two and 50-100 dollars,
   money of the United States, the further description of which
   is to the grand jury unknown, the personal property of," etc.
   is sufficient and not subject to demurrer.

2. *Larceny of money; when shown to exist.*—If one receives a
   bank bill or other money to change and places it in his pocket
   with the fraudulent purpose at the time of converting it to
   his own use, and refuses to deliver said money or the change
   or any part of the change on demand, the taking is felonious
   and the transaction constitutes larceny.

3. *Same; same; case at bar.*—Where one who has been asked to
   change a five dollar bill, after delivering the change he asks
   the other person to let him count the money over again, and
   upon the money being returned to him and after again count-
   ing it he redelivers the change but retains a portion of the
   amount which had been handed to him to recount, if he had
   the intention to appropriate to his own use any part of the
   money handed back to him to be recounted and kept it, he is
   guilty of larceny; and the fact that the taking was open and
   was from the owner, is of no consequence.

4. *Larceny; intent a question for the jury.*—On the trial of a de-
   fendant under an indictment for larceny, the question of the
   intent with which the defendant took the property is a ques-
   tion for the determination of the jury; and this is true al-
   though the taking was openly done in the presence of the
   owner of the property and of others.

5. *Larceny; variance; when not shown to exist.*—On a trial under
   an indictment for larceny, which charges the defendant with
   feloniously taking and carrying away "two and 50-100 dollars,
   money of the United States, the further description of which
   is to the grand jury unknown," and the evidence shows that
   the owner of the money informed the grand jury that the de-
   fendant had stolen silver coin from him of the value of two
   dollars and fifty cents, but it does not show that he informed
   them of the number and denomination of the coin, nor is it
   shown that the owner knew the exact number of coins re-

tained by the defendant or the denomination of each, there is no variance between the allegations of the indictment and the evidence shown.

6. *Pleas and defenses; waiver of misnomer.*—A plea of not guilty in a criminal case, is a waiver of misnomer in the statement of the defendant's name in the indictment, and no advantage can be taken of the misnomer on the trial either by the introduction of evidence showing such or by a request for instructions to the jury or otherwise.

7. *Same; withdrawing plea of not guilty, and filing plea of misnomer discretionary with the court, and not revisable.* Whether the defendant in a criminal case shall be permitted to withdraw his plea of not guilty and interpose a plea of misnomer, is a matter addressed to the sound discretion of the trial court; and the exercise of this discretion is not revisable on appeal.

8. *Charges of court to jury; when request is for the giving of charges in their entirety.*—The recital in the bill of exceptions that the defendant "requested the court in writing to charge the jury in writing the following written charges," numbered from 1 to 12, and that the court refused to charge the jury in written "as requested in and by said written charges," and that the defendant "separately and severally excepted to the refusal of the court to give each and every written charge as aforesaid," is not a request to give separately each of said charges, but is a request to give all of them as an entirety; and, therefore, if any one of the charges was improper, there was no error in refusing all of them."

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellant in this case, George Verberg, was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, George Verberg feloniously took and carried away two and 50-100 dollars, money of the United States, the further description of which is to the grand jury unknown, the personal property of Willis Bell, Jr., against the peace and dignity," etc.

The judgment entry recites that demurrer to the indictment was interposed and was by the court overruled; but no demurrer is shown by the record on this appeal.

[Verberg v. The State.]

The evidence for the State is sufficiently shown in the opinion.

After the State had rested its case, the defendant moved to exclude all the evidence of the State upon the following grounds : 1. Said evidence was immaterial. 2. Said evidence was irrelevant. 3. Because the evidence did not show that the offense was committed by the defendant. 4. Because the evidence did not show a felonious taking and carrying away of the money charged. This motion was overruled and the defendant duly excepted.

Upon the examination of the defendant as a witness, he testified that his name was George Viberg and not George Verberg, and he offered to introduce envelopes which had contained letters addressed to him from different portions of the country. The court declined to allow the defendant to introduce said envelopes, and upon the motion of the State excluded the evidence of the defendant as to his name being Viberg and not Verberg. To each of these rulings the defendant separately excepted.

During the argument of counsel to the jury the defendant moved the court to be allowed to withdraw the plea of not guilty and interpose the plea of misnomer. The court overruled this motion, refused to allow the defendant to file the plea of misnomer, and to this ruling the defendant duly excepted.

After the introduction of all the evidence the bill of exceptions then contains the following recital: "The defendant then requested the court in writing to charge the jury in writing the following written charges, Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 12. The court refused to charge the jury in writing as requested in and by said written charges, and to the refusal of the court to give said written charges to the jury the defendant did separately and severally except to the refusal of the court to give each and every written charge as aforesaid."

Among the charges asked by the defendant was the general affirmative charge instructing the jury that if they believed the evidence they should acquit the defendant.

TERRY RICHARDSON, for appellant.—There· was a variance between the allegations of the indictment and the proof, and, therefore, the evidence for ·the State should have been excluded on motion of the defendant, and the general affirmative charge requested by the defendant should have been given.—*James v. State,* 115 Ala. 86; *Winter v. State,* 90 Ala. 637; *Duvall v. State,* 63 Ala. 12.

The court erred in excluding the testimony of the defendant as to his misnomer.—*Green v. State,* 96 Ala. 32; *Edgar v. McArn,* 22 Ala. 796; *Tarlow v. Morritt,* 23 Ala. 705; *Moon v. Crowder,* 72 Ala. 79.

Charges 8 and 9 requested by the defendant should have been given.—*Johnson v State,* 73 Ala. 523; *Mullin v. State,* 3 Ala. 531.

MASSEY WILSON, Attorney-General, for the State. The court did not err in refusing to exclude the State's evidence on motion of the defendant.—*Lowe v. State,* 88 Ala. 8; *South v. State,* 86 Ala. 617.

The action of the court in excluding all the evidence in reference to the alleged variance in the name of the defendant was proper.—*Toliver v. State,* 94 Ala. 109.

Whether the defendant should have been permitted to withdraw his plea of not guilty and interpose a plea in abatement because he was incorrectly named in the indictment, rested in the discretion of the court below, and its action was not revisable.—*Hubbard v. State,* 72 Ala. 164, 168; *Wells v. State,* 88 ·Ala. 239.

There was sufficient evidence introduced on the part of the State ·to authorize a conviction of larceny. "If after acquiring the property, he conceived and executed the purpose subsequently to convert it feloniously to his own use or to the use of another, this would constitute larceny."—*Dozier v. State,* 130 ·Ala. 57, 61; *Bonner v. State,* 125 Ala. 51; *Talbot v. State,* 121 Ala. 33; *Levy v. State,* 79 Ala. 259; *Bailey v. State,* 58 Ala. 414; *Eggleston v. State,* 129 Ala. 80.

There was no variance between the allegations and the proof as contended by the appellant.—*Terry v. State,* 118 Ala. 79, 87; *Brown v. State,* 120 Ala. 342; *Leonard*

*v. State,* 115 Ala. 80; *Owens v. State,* 104 Ala. 18; *Grant v. State,* 55 Ala. 201, 208.

TYSON, J.—The judgment entry shows that a demurrer to the indictment was overruled. No demurrer appears in the record, however. We can not, therefore, know what the specific objection to the indictment was if one was made. But whatever it may have been, it would be without avail, since its allegations are clearly sufficient and not subject to any ground of attack by demurrer.—Code, § 4905; *Leonard v. State,* 115 Ala. 80; *James v. State, Ib.* 83; *Owens v. State,* 104 Ala. 18; *Burney v. State,* 87 Ala. 80; *Grant v. State,* 55 Ala. 201.

The evidence tended to show that defendant requested Bell, from whom it is alleged he stole the money, to give him a five dollar bill for coin. After the exchange was made, defendant said to Bell: "I think I owe you more, let me count the money over again." Thereupon Bell handed him back the coins to recount. Defendant then ran his hand, in which he had the coins, into his pocket, and upon drawing them out added ten cents to the amount. He then placed the coins in the hand of Bell who put them into his pocket without counting them or summing up their value. Shortly afterwards, Bell discovered that defendant had returned to him only $2.50 in silver coin, and had retained the sum of $2.50 of the total amount he had handed him to recount. It is undoubtedly the law that if the defendant had the intention to appropriate to his own use any part of the money handed back to him to be recounted by him and kept it, he was guilty of larceny.—*Levy v. State,* 79 Ala. 259; *Eggleston v. State,* 129 Ala. 83. The fact that the taking was open and from the owner is of no consequence if the intent to steal existed. And whether or not he had such intent was a question for the jury.—*Talbert v. State,* 121 Ala. 33.

At the close of the evidence offered in behalf of the prosecution, the defendant moved the court to exclude it. The motion contained a number of grounds. The only one insisted upon here is that there was a variance between the allegations and the proof. This contention is based upon the theory that the evidence shows that

[Verberg v. The State.]

the grand jury knew, at the time they found the indictment, the description of the money charged to have been stolen, while the indictment alleges that it was unknown to them. While it is true the evidence shows that Bell informed the grand jury that defendant had stolen silver coins from him of the value of $2.50, it does not show that he informed them of the number and the denomination of each. Indeed, it is not shown that the witness ever knew, if this were important, the exact number of coins retained by defendant and the denomination of each. All that he did know was, that it was silver money in small coin. From this statement it is manifest no variance is shown. There is clearly no merit in the other grounds of the motion.

The evidence introduced by defendant, which was rebutted by the State, tending to show that his name is Viberg, instead of the one by which he is indicted, was wholly impertinent to the issue in the case. His plea of not guilty was an admission that the name by which he was indicted was his true name and a waiver of the misnomer. Had this evidence remained in, it could have availed him nothing. There was, therefore, no error in excluding it.—*Wells v. State*, 88 Ala. 239.

The other exceptions reserved to the admission of evidence are unmeritorious. The refusal of the court to allow defendant to withdraw his plea of not guilty and to file a plea of *misnomer* was matter resting in its discretion and is not revisable.—*Hubbard v. State*, 72 Ala. 164.

The defendant's request of the court to give the several written charges must be construed as a request to give them in their entirety. So construing it, if any one of the charges was improper, there was no error in refusing all of them.—*Rarden v. Cunningham*, 136 Ala. 263; 34 So. Rep. 26. Among them was the affirmative charge, which, of course, could not have been given.

Affirmed.