# Johnson v. The State.

### Indictment for Murder.

1. *Trial and its incidents; general exception to giving several charges; effect thereof.*—The recitals in a bill of exceptions that "the defendant asked that the following charges in writing be given by the court to the jury," followed by several separate charges, at the end of the last of which there is a further recital that "the court refused to give said charges, and the defendant duly excepted," do not show that the court was requested separately to give each of said charges, or that a separate exception was reserved to the refusal to give each of them; and such exception is unavailing unless all of the charges should have been given.

2. *Charge of court to jury; properly refused when given upon part of the evidence.*—On a trial under an indictment for murder a charge requested by the defendant if based only upon a part of the evidence without reference to the other parts, and leaves it to the jury to determine the elements of self-defense, is erroneous and properly refused.

APPEAL from the Circuit Court of Shelby.
Tried before the Hon. A. H. ALSTON.

The apeallant in this cause, Larkin Johnson, was indicted and tried for the murder of one John Lawley, was convicted of murder in the first degree, and sentenced to be hanged.

The charges requested by the defendant in the manner set forth in the opinion, and to the refusal to give

which the defendant excepted in the manner also shown in the opinion, were as follows:

(1.) "The court charges the jury that the facts and circumstances of this case are not sufficient to constitute murder in the first degree."

(2.) "The court charges the jury that under the facts of this case the defendant is not guilty of murder in the second degree."

(3.) "The court charges the jury that if the defendant at the time he fired the gun had a reasonable belief in his mind that he was in danger of loss of life or great bodily harm, he had the right to shoot, although the appearances were not real."

(4.) "The court charges the jury that if they believe from the evidence that the deceased at the time he was fired upon was following after the defendant in an aggressive manner, and the defendant was retreating, and the defendant fired the fatal shot under such circumstances he would not be guilty of murder in the first or second degree."

(5.) "If the defendant was leaving the field after being ordered to leave, then Mr. Lawley being the owner or proprietor of the field, had no right to lay hands upon the defendant or do anything else to eject him, and if the deceased was attempting to lay hands upon the defendant for that purpose, under such circumstances he would be the aggressor, and defendant would have the right to defend himself against such an attack."

(6.) "Although defendant may have said to deceased when told to leave the field: 'I will go, when I get ready' or 'I will not go until I get ready,' if the defendant at the time he said this was really leaving the field, or was going in the direction of the fence as if to leave, the fact that he used words would not deprive him of the benefit of his plea of self-defense."

J. L. Peters, for appellant.

Massey Wilson, Attorney-General for the State.

[Scott v. The State.]

cited *Rarden v. Cunningham,* 136 Ala. 263; *Verberg v, The State,* 137 Ala. 73.

HARALSON, J.—The only question presented for review was the request of the court to give six charges asked by defendant. In respect of these the bill of exceptions recites: "The defendant asked that the following charges in writing be given by the court to the jury, to-wit." Here follows the charges from 1 to 6, inclusive. At the end of the 6th charge appear the words, "The court refused to give such charges, and the defendant duly excepted." The request for these charges, as well as exception to the action of the court in refusing them, was general. Under such conditions, the exception was unavailing, unless all the charges should have been given.—*Rarden v. Cunningham,* 136 Ala. 263; *Verberg v. State,* 137 Ala. 73.

The first five charges are so manifestly incorrect, as to require no special consideration.

Defendant's counsel admit that some of these charges were bad, and the only one insisted on by him, was the refusal of the court to give the 6th charge. That charge was misleading and incorrect. It singles out a part of the evidence, without reference to the other parts, and leaves it to the jury to determine the elements of self-defense.

Affirmed.