# White *v*. The State.

## *Larceny.*

(Decided June 30, 1908.  47 South. 192.)

*Larceny; Possession.*—Where the evidence tended to show that the owner of a suit of clothes obtained permission from the defendant to use one of the drawers in defendant's bureau, in which to put his clothes, an instruction based on the theory that the defendant was in possession of the clothes, and therefore, could not be guilty of a larceny thereof, is not supported by the testimony.

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

John White was convicted of larceny, and appeals. Affirmed.

The following charges were refused to defendant: (1 and 2) General affirmative charge (3) "If the jury believe from the evidence beyond a reasonable doubt that Henry Johnson carried the suit of clothes to the home of the defendant and left them with him of his own volition, without any fraud or inducement on the part of defendant, and the defendant carried the suit of clothes to Birmingham, you cannot convict the defendant."

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State.   Notwithstanding the facts hypothesized in charge 3, the defendant might have been guilty of larceny.—*Pearce v. The State,* 124 Ala. 66.

SIMPSON, J.—The appellant was convicted of the offense of grand lerceny.  In addition to the fact that the charges requested by the defendant were asked all

together, and not separately (*Verberg v. State,* 137 Ala. 73, 34 South. 848, 97 Am. St. Rep. 17; *Johnson v. State,* 141 Ala. 37, 37 South. 456), so that, if any one of them was properly refused, the court could not be put in error, they all seem to be based on the idea that the suit of clothes was left in the possession of the defendant, and that he could not be convicted of larceny. The evidence does not bear out this theory, for it shows that the owner of the clothes did not commit them into the custody of the defendant, but merely obtained permission from him to use one of the drawers in defendant's bureau, into which he placed them, thus keeping them under his own supervision and still in his possession. There was no error in the refusal to give the charges requested.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.