110 So.2d 298

**R. E. WIDEMAN**

v.

**STATE of Alabama.**

7 Div. 372.

Supreme Court of Alabama.

March 19, 1959.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for petitioner.

Wales W. Wallace, Jr., Columbiana, opposed.

COLEMAN, Justice.

In granting the writ, we specified that review would be limited to that part of the opinion of the Court of Appeals delivered on rehearing, wherein it was concluded that there was a fatal variance between the indictment and proof in that the indictment described one of the items stolen as "one piece of steel cable * * * a better description of which property is to the Grand Jury unknown otherwise than as indicated * * *," but the proof showed that the Grand Jury did know that the cable stolen was seventy-five feet long and, therefore, did know a better description of the property.

The rule is well established that conviction cannot be sustained when a material variance appears between averment and proof, and objection is properly made. Duvall v. State, 63 Ala. 12; Winter v. State, 90 Ala. 637, 8 So. 556; James v. State, 115 Ala. 83, 22 So. 565.

The rule also is that when the description of the stolen property in the indictment is sufficient, the further statement that a better description was unknown to the grand jury is surplusage and immaterial, and proof that the grand jury did know does not present a material variance which will prevent conviction. Carden v. State, 89 Ala. 130, 7 So. 801.

In the instant case, the description of the cable is in these words, "one piece of steel cable * * * a better description of which property is to the Grand Jury unknown, etc. * * *." The question is, do the words, "one piece of steel cable," standing alone describe that item with required definiteness and certainty? We are of opinion that the words, "one piece of steel cable," standing alone are not sufficiently definite and certain.

In 52 C.J.S. Larceny § 77, page 870, it is said:

"The thing stolen may be described by the name by which it is usually known and designated. In this connection a general or class identity is sufficient and it is not necessary so to specify and describe the property as to identify it from other property of the same class. Raw materials, such as wood or ore, may be so described.

Raw materials which have been refined, compounded, or prepared by artifice for further use in manufacturing may be described by the names which they respectively bear in their semi-manufactured state, as long as they remain in that state, as, for example, brass, lumber, saw logs, or textiles; but after any of these materials has been converted by process of manufacture into an article or commodity which has a distinctive name the thing thus created is capable of a more specific description and must thereafter be described by the name given to the finished product, as where the cloth has been made into a garment or printed sheets into a book. A finished product of manufacture may be described by the name given it by the manufacturer or the name by which the thing is commonly designated by those who use it.

\*  \*  \*  \*  \*  \*

"A statement of the number or quantity of the articles taken is a necessary part of the description, and a description of the property merely as a 'quantity' thereof is too vague and indefinite where the property is such as can be readily numbered, counted, or described. The quantity of a commodity which is usually sold by weight may be described in pounds, or, if it is usually sold by a standard measure, it may be described by reference to that measure. If the commodity is usually marketed in bales or containers of a standard weight or size, the quantity is sufficiently described by stating the number of such bales or containers, without giving their weight or size; but if the commodity is not usually so marketed such a description is insufficient."

In State v. Murphy, 6 Ala. 845, a description of stolen property as: "sundry pieces of silver coin," was held not sufficiently particular, the court saying the indictment should have stated the number and denomination of the coins alleged to have been stolen.

In Croker v. State, 47 Ala. 53, a description as: "ten dollars in money of United States currency," was held "too indefinite."

In Grant v. State, 55 Ala. 201, a description as: "ten twenty-dollar *gol* pieces of American coinage," was held sufficient, the court saying again, if the larceny is of coin, the number and denomination must be stated, although when species and denominations are unknown, that fact may be averred.

In Noble v. State, 59 Ala. 73, a description as: "one hundred and eighty dollars, or other large sum of money," was held insufficient.

In Burney v. State, 87 Ala. 80, 6 So. 391, a description as: "two hundred dollars in gold coin of the United States," was held bad, the court through Stone, C. J., saying:

"The indictment in this case is bad. It should have averred the number and denomination of the coins, or of some of them, or that the same were to the grand jury unknown. Such have been the rulings of this court; and, as this requirement is both reasonable and easily conformed to, we are unwilling to depart from it. State v. Murphy, 6 Ala. 845; Du Bois v. State, 50 Ala. 139; Grant v. State, 55 Ala. 201; Whar.Cr.Pl. § 218." 87 Ala. 80, 82, 6 So. 391, 392.

See also: Gady v. State, 83 Ala. 51, 3 So. 429; Owens v. State, 104 Ala. 18, 16 So. 575; Leonard v. State, 115 Ala. 80, 22 So. 564; Thomas v. State, 117 Ala. 84, 23 So. 659; Verberg v. State, 137 Ala. 73, 34 So. 848; Hamilton v. State, 147 Ala. 110, 41 So. 940; Montgomery v. State, 169 Ala. 12, 53 So. 991; Collins v. State, 14 Ala.App. 54, 70 So. 995.

According to the rule of the above cited cases, a description as "one piece of silver coin" would be insufficient. "One piece

of steel cable" is no better. "Cable" has been defined as:

"A strong rope, orig. only of hemp or other fiber and of any thickness; now, a rope of 10 or more inches in circumference (smaller ones being called *cablets, hawsers*, etc.); by extension, a wire rope or a chain of great strength, used for hauling, for securing a ship to an anchor, for supporting the rods and roadway of a suspension bridge, etc." Webster's New International Dictionary, 1925, page 303.

To inform a defendant that he is charged with stealing "one piece of steel cable," is to leave an innocent accused ignorant of the nature and cause of the accusation. One piece of steel cable, according to common understanding, can mean a great variety of lengths and diameters of steel rope, and in some circles in ordinary context can and does indicate a chain.

The reason for securing to an accused the right to demand the nature and cause of the accusation has been stated as follows:

"The Government, in engrafting this provision upon its organic law, did not, as is by some erroneously supposed, proceed upon a principle of tenderness for those actually guilty of crime, but upon a more wise and humane principle, sanctioned by the experience of ages, that an innocent person may be unjustly accused of crime, and to afford him an ample opportunity when so accused to vindicate his innocence. If Government could be absolutely assured that none but the really guilty, would ever be put upon their trial for crime, it would perhaps not trouble itself to prescribe rules to govern such trials; but as this is utterly impossible, it must act upon the principle, as far as possible, of protecting the innocent and punishing only the guilty; and almost all the rules which govern courts on the trials of criminal prosecutions, have their origin in this principle.

"The object is not to screen the guilty, but to protect the innocent; and by departing from a rule supported by the clearest dictates of reason, while it may be true that the guilty will but seldom, if ever, escape punishment, yet it may be equally true that the innocent may, with almost equal facility, in many cases, be convicted, and unjustly suffer a punishment, designed by the law for criminals only. * *." Norris v. State, 33 Miss. 373, 376.

One reason why an indictment should be definite has been summarized in the following language:

"Precise and Full Allegation,— which one conscious of crime would not need, is essential to him who would make a just defence against a false charge; and such, in the eye of the law, is every indicted person previous to conviction. * * *." Bishop's New Criminal Procedure, T. H. Flood and Company, 1895, § 517, page 323.

The description, "one piece of steel cable," standing alone being insufficient, the averment that a better description was unknown was necessary to make the indictment sufficient, and proof that a better description was known to the grand jury presented a material variance between allegation and proof. The Court of Appeals so held, and that holding is affirmed.

As we understand the Court of Appeals, in this case, averment and proof that the cable was included in the articles taken was essential to conviction for grand larceny as distinguished from petit larceny. Because of that understanding, no consideration has been given to the rule that conviction may sometimes be sustained by proof of taking some only, and not all, of the articles described in the indictment and alleged to have been taken.

When the dimensions are known to the grand jury, the prosecution suffers no

hardship by stating the known facts. If the cable should be a chain, that fact should be stated. If the dimensions are unknown, that fact may be averred, and if the dimensions are partially known but are uncertain, then:

"An indictment can be easily framed so as to avoid all difficulty which might arise, on the question of a variance, by making proper averments in different counts of the indictment." James v. State, 115 Ala. 83, 86, 22 So. 565, 566.

See also: Smith v. State, 142 Ala. 14, 39 So. 329; Harrison v. State, 144 Ala. 20, 40 So. 568.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.