HORNSBY, Chief Justice.
On April 27, 1989, the defendant, Sandra Lee Rumlin, was convicted of theft of property, second degree, in Houston County Circuit Court for having shoplifted “assorted merchandise” totalling $46.00 in value. This assorted merchandise consisted of two children’s size skirts, one manufactured by Health Tex and the other by Bugle Boy. The trial court heard the case without a jury. Rumlin filed motions to quash or dismiss the indictment against her, to exclude the State’s evidence, and for judgment of acquittal. All of those motions were overruled.
The evidence centered around the testimony of Carlene Kennedy, security manager for the Gayfer’s store located at Wire-grass Commons Mall in Dothan, Alabama. Ms. Kennedy testified that she was on duty at the time of the alleged theft and that after being notified by other store personnel she began to observe Rumlin through remote camera facilities located within the Gayfer’s building. Ms. Kennedy stated that she observed Rumlin carrying two items of clothing; she said that Rumlin later put those items into a bag. Rumlin then left the store. Ms. Kennedy and another store employee stopped Rumlin outside the store and asked her to accompany them back to the manager’s office.
Based upon Kennedy’s testimony supporting a proper foundation, the State introduced into evidence a videotape allegedly showing Rumlin hiding the two items of clothing in a bag and then leaving the store. The State also introduced a photograph of the two items allegedly stolen, and a document entitled “ACKNOWL-EDGEMENT” that Rumlin had executed while being questioned by Gayfers personnel about the alleged theft. The acknowledgment is signed by Rumlin and amounts to an admission of having stolen the items allegedly taken. We also note that one of the women accompanying Rumlin in the store and who later was taken to the manager’s office with Rumlin also had “merchandise” from the store in her possession at that time.
ISSUE
Rumlin raises one issue on appeal. She challenges the indictment under which she was convicted because, she says, the indictment does not sufficiently describe the property that allegedly was stolen. As we noted in the opening paragraph of this opinion, the indictment charged Rumlin with theft of “assorted merchandise ... of the aggregate value of $46.00.”
In his brief to this Court, the Attorney General argues that by entering a plea in answer to the charges against her, Rum-lin waived any defect in the underlying indictment, because she failed to invoke a ruling on any motion to challenge the indictment before she entered her plea. We do not believe that this formulation fully states the applicable law. A plea will act as a waiver of any defect in the underlying indictment, unless the defendant specifically reserves with the trial court the right to object. Ware v. State, 472 So.2d 447 (Ala.Crim.App.1985). We note that Rumlin entered a plea on a pre-printed form supplied by the State. This document, Form C-69, provides:
“The Defendant specifically and expressly reserves the right upon the filing hereof to hereafter, but before trial or before such date as may be set by the Court, to interpose any special pleas or additional pleadings which the Defendant had a right as a matter of law or rule to interpose in this cause, prior to the filing hereof.”
We believe that Rumlin did not waive any defect in the indictment simply by entering a plea without requesting a ruling on any challenge to the indictment before entering that plea. A holding that *1388 follows the Attorney General’s argument on this point would work an injustice. There can be little doubt that when entering pleas defendants place considerable weight on the above-quoted clause. It would be unfair and prejudicial to allow a person to enter a plea by executing a State-provided form which specifically reserves certain rights to the defendant and then strip him of some of those rights once the plea is entered. In this instance, the plea form specifically reserved to the defendant the right to enter further pleas or pleadings that she might be entitled to under rule or as a matter of law prior to filing the plea to the charges. In consideration of the basic requirements of due process of law, we cannot hold that execution of the State form acts as a waiver of those rights.
The Attorney General also argues that the indictment is not so vague as to be objectionable and that, if the indictment is vague, Rumlin can not claim that she was prejudiced, because, he says, “there was no question regarding the identity of the items Rumlin had been accused of stealing.” It is argued that an indictment that tracks the language of the statute allegedly violated is sufficiently precise. Copeland v. State, 455 So.2d 951 (Ala.Crim.App.1984). Again we believe that this statement, while it may be accurate, does not say all that must be said.
In Andrews v. State, 344 So.2d 533 (Ala.Crim.App.1977), the Court of Criminal Appeals stated:
“An indictment to be sufficient must meet inter alia the following two criteria as set forth in Russel v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962) and in Gayden v. State, 38 Ala.App. 39, 80 So.2d 495, affirmed 262 Ala. 468, 80 So.2d 501 (1954-55):
“(a) The indictment must contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet; and
“(b) In case other proceedings are taken against the defendant, the record must show with accuracy to what extent he may plead a former acquittal or conviction.
“Criterion (b), as to future prosecutions, is satisfied as the entire record or the trial proceedings here could be relied upon by the appellant. Clay v. United States, 326 F.2d 196 (10th Cir.1963). But, from reading the indictment, one could not determine if it charges an assault against some officer which had previously been adjudicated. (This would necessarily have to include an assault on any peace officer of the state or any political subdivision of the state committed at any time within the statute of limitations.) ... The indictment is all the notice he gets of what he is called upon to defend against. See: Chief Justice Heflin’s dissent in Adkins v. State, 291 Ala. 695, 287 So.2d 451 (1973).”
344 So.2d at 535 (emphasis original).
We note that the indictment charging Rumlin with shoplifting did not specify what was taken. What was charged was theft of “assorted merchandise” worth $46.00. What “merchandise” did this language refer to? Based upon this language, we do not know.
We find Wideman v. State, 269 Ala. 49, 110 So.2d 298 (1959), to be instructive on this issue. In Wideman, this Court held that the words “one piece of steel cable” in an indictment, standing alone, were insufficient to apprise the defendant of what he was called to defend against in a larceny case. This Court stated:
“The thing stolen may be described by the name by which it is usually known and designated. In this connection a general or class identity is sufficient and it is not necessary so to specify and describe the property as to identify it from other property of the same class. Raw materials, such as wood or ore, may be so described. Raw materials which have been refined, compounded, or prepared by artifice for further use in manufacturing may be described by the names which they respectively bear in their semi-manufactured state, as long as they remain in that state, as, for example, brass, lumber, saw logs, or textiles; but *1389 after any of these materials has been converted by process of manufacture into an article or commodity which has a distinctive name the thing thus created is capable of a more specific description and must be thereafter described by the name given to the finished product, as where cloth has been made into a garment or printed sheets into a book. A finished product of manufacture may be described by the name given it by the manufacturer or the name by which the thing is commonly designated by those who use it.”
Wideman, supra 269 Ala. at 50-51, 110 So.2d 298 (quoting 52 C.J.S. Larceny § 77). See, also, State v. Jeffords, 64 S.W.2d 241 (Mo.1933) (holding improper the use of the word “merchandise” in indictment because that term has a “very extended meaning” and covers “personalty used by merchants in the course of trade”; term held to be too imprecise).
In light of the above, we hold that the indictment charging Rumlin with the theft of “assorted merchandise” is defective because it did not give her adequate notice of what she was called to defend against. We are persuaded that if the term “merchandise” is not sufficiently specific, the term “assorted merchandise” is equally unsatisfactory. Thus, standing on its own, the indictment did not provide Rumlin with proper notice of what she was required to defend against.
Therefore, the judgment of the Court of Criminal Appeals, 555 So.2d 1205, is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
MADDOX, J., concurs specially.