# Leonard *v.* The State.

*Indictment for Larceny.*

1. *Larceny of money; sufficient description in indictment of money stolen.*—An indictment for the larceny of money, which describes the money stolen as "sixty dollars in United States currency, the exact denomination and description of which is to the grand jury unknown, of the value of sixty dollars," is sufficient, and there is no necessity of a more specific description of the money.

2. *Same; evidence as to the defendant being seen with money after the larceny, admissible.*—On a trial under an indictment for larceny from a store, evidence that the defendant was seen with money in considerable quantities in denomination like that known to have been stolen from the store, is admissible in connection with the evidence that the defendant was shown to have had no means of his own, and that on the night of the larceny was seen lounging about the store from which the money was stolen.

3. *Same; charge to the jury.*—On a trial under an indictment for the larceny of money from a store, where there was evidence tending to show that the defendant was seen with a considerable quantity of money in denomination like that shown to have been stolen from the store, a charge which instructs the jury that "the evidence must show beyond a reasonable doubt that the money seen in the possession of the defendant was the identical money taken from the store," in order to convict the defendant, is erroneous and properly refused; since, the money stolen by the defendant might have been changed in part, at least, for other money.

[Leonard v. The State.]

APPEAL from the Circuit Court of Pike.

Tried before the Hon. WILLIAM L. PARKS, Special Judge.

The appellant was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment, Frank Leonard ·feloniously took and carried away from the storehouse of James D. Sikes sixty dollars in United States currency, the exact denomination and description of which to the grand jury is unknown, of the value of sixty dollars, the personal property of James D. Sikes, against the peace," &c. To this indictment the defendant demurred upon the following grounds: "1st. It fails to designate the character of the United States currency so as to show whether it consisted of gold, silver, nickle or copper, or greenbacks, or other kind of paper or national currency. 2d. Because it fails to allege that the money charged to have been stolen, consisted of national currency. 3d. Because the word currency as used in the indictment is too indefinite." This demurrer was overruled, and the defendant duly excepted.

The rulings of the court upon the evidence which are reviewed on the present appeal are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The fact (if it be a fact) that the money taken from the store of J. D. Sikes consisted of nickles and dimes, quarter dollars, half dollars and dollars in silver, and one five dollar bill, and one one dollar bill, and the fact (if it be a fact) that the defendant was seen at any time afterward, or at different times afterwards with moneys of a similar or like description, these facts of themselves, would not be sufficient to justify a conviction of the defendant, but the State must go further, and prove beyond a reasonable doubt, that the money seen in the possession of the defendant was the identical money taken from the store, or it is the duty of the jury to acquit the defendant." (2.) "The allegations of the indictment in this case and the evidence in the case, is fatally variant, and therefore the jury should acquit the defendant." (3.) "If the jury believe the evidence in this case, they should find the defendant not guilty."

6

D. A. BAKER, for appellant.—The demurrers to the indictment should have been sustained.—Cr. Code of 1886, Form 51; *Crocker v. State*, 47 Ala. 53; *Grant v. State*, 55 Ala. 201.

2. The evidence offered by the State as to the defendant having possession of the money should not have been admitted.—*Gassenheimer v. State*, 52 Ala. 313; *Fincher v. State*, 58 Ala. 215; *Berney v. State*, 69 Ala. 233; *McCormack v. State*, 102 Ala. 156. The money was not identified as that alleged to have been stolen.

3. The charges requested by the defendant asserted correct propositions of law and should have been given.— Cr. Code of 1886, § 4377; *Duvall v. State*, 63 Ala. 12; *Jones v. State*, 63 Ala. 27; *Childress v. State*, 86 Ala. 77; *Wells v. State*, 88 Ala. 239; *Winter v. State*, 90 Ala. 637.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Chisolm v. State*, 45 Ala. 66; *Commonwealth v. Sawtelle*, 11 Cush. 142; Russell on Crimes, 106; *Grant v. State*, 55 Ala. 201.

HARALSON, J.—The indictment alleged the stealing of sixty dollars. The word "dollars" imparts to the common understanding, the meaning of a thing of value. But the indictment, to be as specific as possible under the circumstances, and in order to designate the kind of dollars stolen, an allegation necessary to be made, contained the further allegation, that the money stolen was "in the United States currency." "The word 'currency' when applied to the medium of trade, means equally coin, bank notes, or notes issued by the government."— *Crocker v. The State*, 47 Ala. 53; *Noble v. The State*, 59 Ala. 81. When the charge is made, therefore, that the defendant stole sixty dollars "in the United States currency," it means, by common understanding, that that amount of money in coin, bank notes, or notes issued by the government of United States, was stolen by him. Without more, however, as we have held, this would not be a sufficient description of the property stolen. If the number and denomination of the coins or bills stolen, or some of them, were known to the grand jury, the indictment should contain such description of them; or if unknown to them—if in fact they were unknown—the averment that the same were to the grand jury unknown,

which averment would dispense with a necessity of a statement of their number and denomination.—*Burney v. The State*, 87 Ala. 80 : *Grant v. The State*, 55 Ala. 201 ; *Reese v. The State*, 90 Ala. 624 ; Code of 1886, § 4377.

The allegations in the present indictment, rendered it free from the objections interposed to it by the demurrer.

There was no error in allowing the proof by the State, that shortly after the larceny from the store occurred, defendant was seen with money in considerable quantities in denominations like that shown to have been stolen from the store. He was shown to have had no means of his own, so far as known ; and on the night the money was stolen, about 12 o'clock, he was seen lounging about the store from which it was taken. The evidence was pertinent and tended to prove the issue. Its weight was for the jury.—*Alsabrooks v. The State*, 52 Ala. 24.

Nor did the court err in refusing the three charges requested by defendant. The only one that needs observation is the first. Of it, it may be said, that the money the defendant handled after the alleged larceny, might not have been the identical money he is alleged to have stolen,—as the proof tends to show it was,—and still the jury might reasonably have believed from the evidence, that he was guilty of the larceny charged. The money may have been changed off in part, at least, for other money.

Affirmed.

