# May *v.* The State.

## *Larceny.*

(Decided June 30, 1909.　50 South. 560.)

1. *Larceny; Indictment; Ownership of Property.*—A buyer of a chattel, title to which was retained in the seller until the purchase price is paid, who obtains possession thereof, and who delivers it to a third person to be delivered to the seller, has title to the chattel as against every person except the seller until such third person delivers it to the seller, and an indictment for the larceny of such chattel, committed while in the custody of such third person, properly lays the ownership in the buyer.

2. *Same; Issue and Proof.*—Although the indictment alleged the value of the property stolen to be $100.00, proof of any other value more than $25.00 is sufficient to sustain grand larceny.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Andrew May was convicted of grand larceny, and he appeals. Affirmed.

The indictment charges that Andrew May feloniously took and carried away one buggy, the property of Lula Harris, of the value of $100. It seems from the evidence that Lula Harris purchased the buggy from one Matthews, who retained title in the buggy until it was paid for; but the buggy was still in the possession of Lula Harris, and had not been returned to Matthews. It appears, further, from the evidence, that Lula Harris contemplated going to Savannah, and, not having paid for the buggy, she turned it over to Bob Battle to be delivered to Mr. Matthews; but he kept it at the home of Lula Harris for about a month, when it was stolen. Williams was called as a witness by the state, and was asked, "Was it reported to you about the loss of your buggy?" and answered, "Yes." "Did you find that buggy?" and answered: "I found the buggy in Louisville, Ky. I

got it there." "Was that buggy ever identified?" answered, "Yes." "Did you have a description of the buggy?" answered, "Yes." "Did the buggy that you found in Louisville, Ky., fill the description?" answered, "Yes; the buggy filled the description." "Did you bring the buggy back?" answered, "Yes; I had it shipped back." "Did any one in the presence of defendant in Louisville make any statement in regard to the defendant?" answered, "Yes; a policeman in the presence of defendant in Louisville stated that the defendant was trying to sell the horse and buggy there." Objection was interposed to each question, and overruled, and motion made to exclude the answers thereto, which was overruled. It was shown by other evidence that Andrew May was seen with the buggy in Birmingham, and that it was the buggy of Lula Harris.

The following charges were refused to the defendant: "(3) Unless you believe from the evidence beyond all reasonable doubt that the buggy alleged to have been stolen was at the time of the alleged felonious taking of the value of $100, you must find that defendant not guilty." "(5) I charge you as a matter of law under the undisputed evidence in this case, if you believe such evidence, you cannot find that Lula Harris was in possession of the said buggy at the time of the alleged felonious taking. "(6) I charge you that if you believe the evidence you cannot find that Lula Harris was the owner of the buggy alleged to have been stolen at the time of the alleged taking." "(8) I charge you that if you believe the evidence in this case you must find that Bob Battle was the person in possession of the property alleged to have been stolen, and the ownership of such property should have been laid in him." (9) Affirmative charge for the defendant. (10) Same.

[May v. The State.]

The following portions of the oral charge of the court were excepted to: "It appears from the evidence that Bob Battle was in possession of the buggy. If you believe from the evidence that he held possession for Lula Harris, or for both Lula Harris and P. D. Matthews, I charge you that the ownership of the buggy was properly laid in Lula Harris"—and "If you believe from the evidence that Bob Battle was holding possession of the buggy until the debt upon the same was settled, then I charge you that the ownership was properly laid in Lula Harris."

GASTON & PETTUS, for appellant.—No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. The ownership of the property was properly laid in the buyer.—*Fowler v. The State,* 100 Ala. 96. The court did not err in reference to William's testimony.—*Stoball v. The State,* 116 Ala. 459; *Frazer v. The State,* 116 Ala. 542; *Fowler v. The State, supra.* Evidence of the value of the buggy was not only admissible but necessary.—*Dozier's Case,* 130 Ala. 57. It was not necessary to prove the value as alleged.—25 Cyc. 127.

ANDERSON, J.—Lula Harris was the owner of the buggy, notwithstanding she held under a conditional sale from Matthews, who had a claim or title thereto, and the ownership could have been laid in her. She had the possession and control of same, and the title thereto, as against all except her vendor, Matthews. It is true she delivered it to Battle to return to Matthews before leaving for Savannah; but it was taken from her agent before he delivered it to Matthews, whose possession was her possession, and she could not have been

[Cook v. The State.]

ousted of her ownership of said buggy until it was re-stored to the vendor, Matthews. There was no reversible error in the oral charge of the court, excepted to, or in refusing charges 5, 6, 8, and A, requested by the defendant.

There was no error in refusing charge 3 requested by the defendant. The state did not have to prove that the buggy was worth $100, but could convict for grand larceny if it was worth $25 or over.

There was no error in refusing charges 9 and 10 requested by the defendant.

The ruling of the trial court upon the evidence was either free from error or was error without injury.

The judgment of the criminal court is affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.