(89 South. 892)

## JACKSON v. STATE. (4 Div. 662.)

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied July 19, 1921.)

1. Larceny ⬅30(10)—Indictment held to sufficiently describe money alleged to have been stolen.

Indictment charging that defendant feloniously took and carried away from the person of named person $30 in lawful currency of the United States of America, a more definite description of which is to the grand jury unknown, of the value of $30, the personal property of such named person, held sufficient as against demurrers on the grounds that it did not charge the character of the money taken, that money taken did not appear to have been lawful currency of the United States of America, and that allegations were not sufficiently specific to put defendant upon notice of what he was charged to have stolen.

2. Criminal law ⬅696(5)—Defendant should object to question in order to have answer thereto excluded.

Generally a defendant, to avail himself of the right to have the answer of a witness to a question excluded, should object to the question.

3. Criminal law ⬅696(5)—Refusal to exclude answer not error in view of failure to object to questions.

The refusal to exclude answer to questions held not error, in view of defendant's failure to object to questions.

4. Larceny ⬅43—Testimony that parties were playing poker at or about the time of alleged larceny admissible.

In prosecution for larceny of money, it was proper for the state to show that the parties were playing poker at or about the time of the alleged larceny, where it appeared that the money alleged to have been stolen was money won and lost in such game.

5. Criminal law ⬅369(5)—Testimony that defendant cashed check in possession of prosecuting witness admissible in prosecution for larceny of money.

In prosecution for larceny of money, testimony that a check which person from whom defendant was alleged to have stolen claims to have had in his possession at time of alleged

larceny was cashed by the defendant *held* admissible, though indictment did not charge defendant with having stolen check.

**6. Criminal law ☞365(1), 369(1, 15), 371(1) —Rule as to admissibility of evidence as to commission of similar offense stated.**

Generally evidence of a distinct similar offense is not receivable against a defendant, but it is admissible to show intent, to establish the *identity* of the defendant, to make out the res gestæ, or to make out a chain of circumstantial evidence of guilt in respect to the act charged.

**7. Criminal law ☞814(8, 9)—Charges not predicated on a finding from the evidence properly refused.**

Requested charges that defendant should be acquitted of larceny if the jury could account for the disappearance of the money in any other way, not predicated on a finding from the evidence, *held* properly refused.

**8. Criminal law ☞829(4, 19)—Refusal of requested charge covered by charges given not error.**

The refusal of requested charges that defendant should be acquitted of larceny if evidence admits of any other reasonable theory for the loss of the money, and that each and every jury must be convinced beyond a reasonable doubt before convicting defendant, covered by other given written charges, was not error.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Morgan Jackson was convicted of grand larceny, and he appeals. Affirmed.

The indictment is as follows:

"Before the finding of this indictment Morgan Jackson feloniously took, carried away, from the person of R. H. Walker $30 in lawful currency of the United States of America, a more definite description of which is to the grand jury unknown, of the value of $30, the personal property of R. H. Walker."

The demurrers are:

"First, charges no offense; second, does not charge the character of money that was feloniously taken and carried away; third, for aught that appears, the $30 alleged to have been stolen was not a lawful currency of the United States of America; and, fourth, its allegations are not sufficiently specific to put the defendant upon notice of what he is charged to have stolen."

The following are the refused charges:

"(1) If the jury can account for the disappearance of the money other than that the defendant took it, it will be your duty to do so and acquit the defendant."

(2) Practically same as 1.

"(3) If the evidence admits of any reasonable theory for the loss of the money, other than that the defendant feloniously took and carried away from the person of R. H. Walker the $30, then they must acquit the defendant.

"(4) If each and every juror is not convinced beyond a reasonable doubt that the defendant feloniously took and carried away $30 from the person of R. H. Walker, then they cannot convict the defendant.

Lee & Tompkins, of Dothan, for appellant.

Demurrers should have been sustained. 104 Ala. 18, 16 South. 575; 115 Ala. 80, 22 South. 564. The fact that Walker had loaned the money was immaterial as was the evidence as to his putting the money into his pocket. 94 Ala. 55, 10 South. 522; 105 Ala. 60, 17 South. 114; 106 Ala. 12, 17 South. 333. Evidence in reference to the check was illegal. 111 Ala. 74, 20 South. 597; 88 Ala. 157, 7 South. 273; 42 Ala. 543; 39 Ala. 247, 84 Am. Dec. 782. The court erred in refusing the charges requested. 118 Ala. 111, 23 South. 81; 122 Ala. 119, 26 South. 124; 103 Ala. 93, 15 South. 893; 92 Ala. 30, 9 South. 408.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted of grand larceny and sentenced to the penitentiary for a term of not less than three nor more than five years.

[1] The demurrers to the indictment were properly overruled. Owens v. State, 104 Ala. 18, 16 South. 575; Leonard v. State, 115 Ala. 80, 22 South. 564.

[2, 3] It is the general rule that, if the defendant desires to avail himself of the right to have the answer of a witness to a question excluded, he should object to the question. It does not appear that objection was made to the questions that called for the statements made by the witness Walker that he "had just loaned some money," and "you saw me put that roll of bills in my pocket, and I want you to search me to see that I haven't got a dollar on me and you all saw me put it in there." And for this reason, if for none other, the court properly overruled the motion to exclude such answers.

[4-6] It was proper for the state to show that the parties were playing poker at or about the time of the alleged larceny; the testimony further showing that the money alleged to have been stolen was some of the money that was won and lost in the game. It was also proper for the state to show that Walker, who is alleged to have lost the stolen money, also lost just about the same time a check for $30 which he claims he had in his possession just about the time the money is alleged to have been stolen; the testimony afterwards developing that at a later day the defendant had possession of and had the particular check cashed. It is true the

check is not embraced in the property alleged to have been stolen covered by the indictment in this case, and as a general rule evidence of a distinct similar offense is not receivable against a defendant, but the exception is that such evidence is admissible to show intent, "to establish the identity of the defendant, to make out the res gestæ or to make out a chain of circumstantial evidence of guilt in respect to the act charged." Gardner v. State (Sup.) 87 South. 888;[1] Id., 87 South. 885;[2] Mason v. State, 42 Ala. 532; Yarborough v. State, 41 Ala. 405; McIntosh v. State, 140 Ala. 137, 37 South. 223; Scott v. State, 150 Ala. 59, 43 South. 181.

[7] Written charges 1 and 2 were properly refused for the reason that they are not predicated on a finding from the evidence in the case.

[8] Written charge 3 is covered by other given written charges.

Written charge 4 was substantially covered by the court's oral charge.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.