110 So.2d 295

### R. E. WIDEMAN

v.

### STATE.

**7 Div. 382.**

Court of Appeals of Alabama.

Feb. 19, 1957.

Rehearing Denied May 7, 1957.

---

1. 38 Ala.App. 277.

6.

Wales W. Wallace, Jr., Columbiana, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a judgment of guilt of grand larceny and sentence of three years imprisonment based on a verdict in the Shelby Circuit Court.

█ At the conclusion of the State's case at the defendant's request the jury withdrew and then the defendant moved to exclude the evidence. This motion was overruled and the defense took over.

During final argument the record shows:

"Objection To Argument

"By Mr. Wallace: We object to the statement of the solicitor, if they hadn't brought enough evidence to convict this defendant the Court would not have allowed the case to go to the jury.

"By Mr. Fowler: If the Court please, I was only answering the argument of counsel for the defendant.

"By The Court: Overrule the objection.

"By Mr. Wallace: We except and ask the jury be instructed that is improper argument.

"By The Court: I deny your motion.

"By Mr. Wallace: I except."

The case, aside from a purported extra judicial statement by the defendant, was one of circumstantial evidence. It was proper for the defendant to argue that the State had not made a case since without a confession the evidence was ambivalent and therefore the weight of the confession and the tendency of the evidence toward a reasonable doubt or toward the alternative of petty larceny were obvious subjects for argument.

Even though the jury was absent at the court's ruling on the motion to exclude, we cannot say there were not jurors familiar enough with criminal trials as to be aware of the purpose of the retirement. Hence we do not consider the jury's earlier absence lessened the prejudicial effect of the solicitor's argument. Indeed the implication that the court had ruled there was a prima facie case can be said to be argument upon an issue not before the jury. Thus in Missouri-Kansas-Texas R. Co. of Texas v. Ridgway, 8 Cir., 191 F.2d 363, 369, 29 A.L.R.2d 984, in discussing argument to jury held prejudicial the court said:

"* * * In so far as such argument was based upon what occurred before the jury it might have been warranted but it was based upon or claimed to be justified by what occurred during the hearing of various motions, a matter entirely foreign to the issues to be tried by the jury."

"In view of the uniform holding of this court on this question we can not hold that the defendant has had a fair and impartial trial and that the verdict was not the result of passion and prejudice aroused by the appeals of counsel in his argument. It is to be noted too that while the defendant's counsel made timely objection to the argument of counsel their objections were overruled and counsel was permitted to proceed without reprimand and without instructions to the jury to disregard the improper remarks."

We reverse and remand for the above error upon authority of Adkins v. State, 38 Ala.App. 659, 93 So.2d 519.

Reversed and remanded.

On Rehearing

Certiorari in the Adkins case, supra, was denied. Ala., 93 So.2d 522.[1] However, variances between the specification of the property as set forth in the indictment and as shown on trial cause us to extend our opinion.

"An allegation of want of knowledge of a better description is traversable and the subject of inquiry, and an indictment * * * false in this respect will not support a conviction." 32 Am.Jur., Larceny, § 107, p. 1019, citing Enson v. State, 58 Fla. 37, 50

1. 265 Ala. 666.

So. 948. Matters known to the grand jury cannot be reached by demurrer, but are brought into issue by plea of not guilty, just as a plea of misnomer would not lie where such an allegation is made with respect to a person's name, Leith v. State, 20 Ala.App. 251, 101 So. 336.

The defendant claims that there was a fatal variance between proof and allegation. The property is described in rather general terms, with an assigned total value of $44.85, "the property of Gene Rutherford." Appended thereto is: "A better description of which property is to the grand jury unknown otherwise than as indicated."

We set forth in parallel columns the property description in the indictment and the testimony of Rutherford, including cross examination as to what Rutherford told the grand jury about each item:

| Description in Indictment | Proof per Rutherford (In addition to indictment description) |
| --- | --- |
| 1. "one piece of steel cable" | 1. 75′ long, new, for an earth scraper pan, flexible with steel core, value $26–$28— *Told* grand jury. |
| 2. "one stilson wrench" | 2. Somewhere around eighteen inches— *Told* grand jury. |
| 3. "one ¾ x ⅞ end wrench" | 3. Open end, "Craftsman"—*Did not* tell grand jury it was a "Craftsman." |
| 4. "one hammer" | 4. Ball pein, broken handle—*Told* grand jury "a hammer." |
| 5. "five gallons of gasoline" | 5. As in indictment—Not asked as to grand jury testimony. |
| 6. "a can of oil" | 6. Caterpillar lift oil—*Told* grand jury. |
| 7. "one socket and handle" | 7. $^{15}/_{16}$ thin socket, socket one piece, handle another—*Told* grand jury. Also "special socket * * * to tighten clutches on D–8 Caterpillar"—Not in record as to whether told grand jury or not. |
| 8. "one oil can" | 8. Red top can—Not asked as to grand jury testimony. |
| 9. "one oil bucket" | 9. Five gallon oil or grease bucket—*Told* grand jury. |

■ In an indictment for larceny, the property taken should be described sufficiently (1) to inform the defendant (and the petit jury) of what he is charged, and (2) to record the property of which he is accused of taking so that he cannot be convicted twice for taking the same property, Smith v. State, 30 Ala.App. 158, 2 So.2d 341.

■ Under Duvall v. State, 63 Ala. 12 (which comports with the Enson case, supra), the State need not show that the grand jury exercised reasonable diligence to ascertain matters alleged by an indictment to be unknown:

"* * * when the averment in the indictment is that a name or fact is unknown, such indictment will support a conviction, unless it be shown that such name or fact was known to the grand jury. * * * The inquiry is, did they falsely affirm the name or fact was unknown, when it was known?"

■ We consider that the fact that the piece of steel cable alleged to have been stolen was told to the grand jury as being seventy-five feet in length was a material fact in describing it, and since the defendant brought out that the grand jury knew

thereof, the conviction cannot be supported as to grand larceny.

It is unnecessary for us to go into a discussion of what certainty is required in describing property to the extent necessary to withstand a demurrer grounded on vagueness and uncertainty. The cases of Pfister v. State, 84 Ala. 432, 4 So. 395, where "one gold watch" was held a sufficient description, and Morris v. State, 97 Ala. 82, 12 So. 276, where the proof did not match the allegation of the taking of "a watch by mark of the same, a patent Longine," are illustrative of the contrast.

Since it would appear that an amendment of the indictment or a reindictment will be required if there is a further trial, we consider that it would be advisable to specify the approximate length and diameter of the cable, and that it would be better form to specify the value of each item, though we hasten to emphasize that a discrete allegation of value is not mandatory if the State chooses to run the risks attending the failure to prove the theft of some of the articles. See Grant v. State, 55 Ala. 201, and dictum in Jackson v. State, 69 Ala. 249.

Application overruled.