**Lamont WASHAM, Defendant Below, Appellant,**

v.

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 25, 1967.

Peter J. Walsh, of Connolly, Bove & Lodge, Wilmington, for appellant.

Francis A. Reardon, Deputy Atty. Gen., for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The defendant below, Lamont Washam, has appealed from a conviction and sentence for fourth degree burglary, which is the breaking and entering of a building with intent to commit a crime therein. T. 11 Del.C. § 395. He contends that at his trial the prosecuting attorney made two objectionable and prejudicial remarks.

The alleged offense occurred shortly before midnight on February 13, 1966 at the property of Aims, Inc. on New Castle Avenue near Wilmington. A burglar alarm which was connected to the safe in the building went off about 11:30 P. M. The manager, who was not far away, immediately called the police. Two officers promptly went to the scene where they discovered that a glass panel about three feet square had been broken out of the front of the building. After entering, they found the appellant and his co-defendant

hiding behind a refrigerator. The defendants were reluctant to leave their hiding place, but finally came out after the police had several times ordered them to do so. They refused to answer any questions or even to state their names to the arresting officers.

At the trial, the two defendants testified that they had been at a party where an altercation had arisen between them and a group of ten to fifteen young men; that they had fled therefrom and were chased by the other persons; that, when they reached the Aims property, they saw the opening in the glass front and entered the building to elude their pursuers; that, when ordered to come out of their hiding place, they did not immediately do so because they were scared. They gave no explanation for failing to tell the police the reason for their presence.

The first remark complained of arose in this manner: In his summation, defense counsel argued that the State had not proved a breaking by these defendants nor had it proved an intent to commit any crime in the building. The prosecuting attorney in his summation said:

"There are no missing links in this case or I wouldn't be standing here. The Judge would have directed a verdict if there were any missing links of a substantial element of this offense".

The other remark here questioned came about this way: Defense counsel argued that the hesitation of defendants to leave their hiding place was a normal reaction of wanting to avoid contact with the police. He said:

"This is a natural reaction for a kid from the time he is ten years old up to the time he is an adult".

The prosecuting attorney later said:

"The burglar alarm sounded. Within minutes you had two men groping in the dark with a gun in their hand looking for what? Two scared boys because some juveniles were chasing them? Two scared boys, as counsel would say, since they were ten years old when they have been running from the police?"

■ The first remark quoted above is much like the one condemned by this Court in Robelen Piano Company v. Di Fonzo, 3 Storey 346, 169 A.2d 240. Its tendency was to insinuate that the trial Judge believed the defendants guilty. Even though made inadvertently in the heat of trial, it was nevertheless objectionable and the jury should have been cautioned to disregard it and counsel admonished. Every case brought to our attention in which a similar statement was made agrees with this holding. Wideman v. State, 40 Ala.App. 5, 110 So.2d 295; United States v. Schwartz, 3 Cir., 325 F.2d 355; State v. Cortez, 101 Ariz. 214, 418 P.2d 370; State v. Stegner, 276 Mo. 427, 207 S.W. 826; Adkins v. State, 38 Ala.App. 659, 93 So.2d 519; Martin v. Commonwealth, 255 Ky. 529, 75 S.W. 2d 13; Robinson v. United States, 8 Cir., 32 F.2d 505, 66 A.L.R. 468. Other cases are annotated in 127 A.L.R. 357. Even without an objection, there was error in the failure to strike the statement and admonish counsel.

■ As to the second remark quoted above, appellant contends that it implied that defendants themselves had been running from the police since they were ten years old, i. e., that they had committed other crimes in the past. We have doubts on this score. According to the reporter's transcript, the sentence was in the form of a question. It may mean "Were these defendants two scared boys who had been running from the police since they were ten years old" ? * It may have been said to call the jury's attention to the fact that there was no evidence on the point. However, since we do not understand just what that language means, we will assume

---

* Washam was 25 years old at the time; the co-defendant's age is not in the record.

for present purposes that it carried the implication which appellant ascribes to it. Under that interpretation, it was of course objectionable and should have been stricken.

 The question arises, however, whether or not the errors require the granting of a new trial, for not every error which takes place during trial is ground for reversal. Crim.Rule 52, Del.C.Ann.; Hutchins v. State, 2 Storey 98, 153 A.2d 204; Seeney v. State, Del., 211 A.2d 908. Harmless errors, even though involving constitutional rights, do not require reversal of a conviction. Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705.

We note that the complaints made here were never raised in the Superior Court; there was no objection or motion to strike, no request to instruct the jury to disregard them, no application for a mistrial, and no motion for a new trial; according to the docket entries, the only application made to the Court below was one under Crim. Rule 35(b) for reduction of sentence. Had proper request been made at the trial, these errors could have been easily cleared up at that time by the trial Judge. If the errors were so plain, so significant and so damaging as appellant now contends, it is difficult to understand his failure to ask the Court below to correct them.

The short answer in this case is that we are convinced beyond a reasonable doubt that the errors were harmless in the light of all the evidence and circumstances. There was no question of an *entry* by these defendants; there was no doubt of a *breaking* by someone. The extremely short time interval between the alarm and arrival of the police leaves no reasonable doubt that the breaking was done by these defendants. Their *intent* was amply demonstrated by the fact that the intruders had removed the contents of a desk and the closet, leaving those contents scattered on the floor, in an apparent search for something of value. The errors at trial

were such as to have "little, if any, likelihood of having changed the result of the trial"—to use the words of Mr. Justice Black in Chapman v. State of California supra.

The judgment below will be affirmed.