The defendant was indicted and convicted of grand larceny. Sentence was five years' imprisonment. Court appointed counsel represents the defendant at trial and on appeal.
Mrs. Estelle Stacey was employed with the I.G.A. Foodliner in Frisco City in Monroe County on February 27, 1979. The defendant was standing at the cash register "grinning" at Mrs. Stacey and "working his hand behind him" while Mrs. Stacey checked customers in another aisle. She stated that the defendant opened a closed cash register drawer and removed some money. She screamed and when Melvin Phillips, the assistant manager, came to the front of the store the defendant gave him the money and told him to count it, that it was all there. Mr. Phillips did not know how much money the defendant removed from the drawer except that it was a "handful". After giving the money to Phillips the defendant "said he'd wait and he stood there maybe two minutes and then he broke and ran when the car pulled up front and (he) jumped in and they took off".
Judy Smith, the manager, testified that there was $400.00 in cash, $30.00 in food stamps, and a credit due bill for $6.20 removed from the cash register. The credit due bill was merely a receipt showing that the store had given a customer a refund.
The defendant gave a statement to the police and admitted taking the money from an open cash register drawer when he saw "colored people" across the counter from the register. He stated that he gave the money to "the lady" and told her that the drawer was open and "somebody might come by here and get this money". In contradiction of the defendant's statement, Mrs. Stacey testified that the defendant identified the people ("colored people") as his wife and brother.
The defendant testified in his own behalf, essentially maintaining that he removed the money from the register to keep someone else from getting it and that when he tried to hand the money to Mrs. Stacey she would not take it and screamed for the manager.
 I
On the second day of the trial, defense counsel requested a continuance so one of his witnesses could get to court. Reginal Green, the defendant's brother who was in the store when the events occurred, was present in court on the first day and was sworn as a witness. *Page 6 
Just after the trial began on the morning of the second day, defense counsel informed the trial judge that he had received a communication that the defendant's brother was on his way from Bay Minette when he had car trouble. After the defendant testified, defense counsel requested a continuance "at most until lunch" to allow witness Green to arrive. After waiting almost an hour the court overruled the motion.
 "It is the ruling of the Court, this proceeding having begun at nine A.M., the Court waited until ten minutes after eleven for a witness for the defense. But said witness not having appeared by ten minutes after eleven, it's the Court's feeling it's necessary to proceed with the case overruling the defense's motion."
Closing arguments were then made to the jury.
Defense counsel stated that the testimony of the defendant's brother "will support the recorded testimony of the defendant". Other than this brief description, there was no offer to show what the absent witness's testimony would be. Generally, the refusal to continue a case on the ground of the absence of a witness is not an abuse of discretion where the testimony which the witness would have given is cumulative. Segars v. State,283 Ala. 694, 220 So.2d 882 (1969); Williams v. State,354 So.2d 48 (Ala.Cr.App.), cert. denied, Ex parte Williams,354 So.2d 53 (Ala. 1977).
 II
The indictment charged that the defendant took and carried away "to-wit: $436.00 in Lawful United States Currency, a further description of same being unknown to the Grand Jury, of the value of, to-wit: $436.00".
Manager Judy Smith testified that "$400 in cash, $30 in food stamps, and a credit due bill for $6.20" were removed from the cash register. The credit due bill had no market value and was used by the store for accounting purposes. This was the only testimony identifying the property removed from the register. The defendant contends that there exists a variance between the pleading and the proof. He raised this issue at trial by a motion to exclude the State's evidence. The trial court overruled this motion.
As part of his defense, the defendant called Mrs. Smith "to question her regarding her testimony before the Grand Jury. To examine the indictment and see if the indictment is an accurate reflection of her testimony before the Grand Jury." The trial court overruled the defendant's motion to require Mrs. Smith's testimony concerning her testimony before the grand jury.
A complete statement of the rules involved in this issue is found in Ware v. State, 12 Ala. App. 101, 110-11, 67 So. 763,767 (1914).
 "While the general rule is, as appellant contends, that when a fact is known, or is proved, before the grand jury, there is no warrant in the law for them to aver in the indictment that such fact is unknown, and that, consequently, when it appears on the trial that a fact, alleged in the indictment to have been unknown to the grand jury, was known to them, a conviction on such indictment should not be allowed . . . yet, this rule is subject to the qualification that, if the fact alleged to have been unknown was not, in truth, a material fact, nor made so by the character of the averment, then the result mentioned does not follow, and the defendant would not be entitled to an acquittal, although it did appear on the trial that the fact was known to the grand jury."
(Citations omitted)
See also Carden v. State, 89 Ala. 130, 7 So. 801 (1889);Wideman v. State, 40 Ala. App. 5, 110 So.2d 295 (1957), affirmed, 269 Ala. 49, 110 So.2d 298 (1959).
 "The rule also is that when the description of the stolen property in the indictment is sufficient, the further statement that a better description was unknown to the grand jury is surplusage and immaterial, and proof that the grand jury did know does not present a material variance which will prevent conviction." *Page 7 
Wideman, 269 Ala. at 50, 110 So.2d at 299.
In a prosecution for larceny, where the number and denomination of pieces of money stolen are unknown to the grand jury, an allegation that they are unknown dispenses with further description in the indictment. Leonard v. State,115 Ala. 80, 22 So. 564 (1897); Howell v. State, 26 Ala. App. 612,164 So. 764 (1936); Jackson v. State, 18 Ala. App. 259,89 So. 892 (1921).
 "When the charge is made, therefore, that the defendant stole `sixty dollars' `in the United States currency', it means, by common understanding, that that amount of money in coin, bank notes, or notes issued by the government of United States, was stolen by him. Without more, however, as we have held, this would not be a sufficient description of the property stolen. If the number and denomination of the coins or bills stolen, or some of them, were known to the grand jury, the indictment should contain such description of them; or if unknown to them — if in fact they were unknown — the averment that the same were to the grand jury unknown, which averment would dispense with a necessity of a statement of their number and denomination." Leonard, 115 Ala. at 82-3, 22 So. at 565.
In Sanders v. State, 48 Ala. App. 589, 266 So.2d 797 (1972), the indictment charged the robbery of "`Five Dollars of the lawful currency of the United States of America, a more particular description of which is to the Grand Jury otherwise unknown'". The victim testified first on cross examination that he told the Grand Jury he was robbed of a five dollar bill and later, when recalled on direct examination, he testified that he told the Grand Jury it was five dollars. Therefore a question of fact was presented as to whether the Grand Jury knew the exact denomination of the bill or bills alleged to have been taken. Applying the strict rule of variance advocated by the defendant, the Court of Criminal Appeals reversed because the trial court refused a requested written charge on this issue. The Supreme Court reversed the Appellate Court and held that the indictment was sufficient and the phrase "`a more particular description of which is to the Grand Jury otherwise unknown'" was surplusage; the trial court did not err in refusing the requested charge. In doing so the Supreme Court noted, "We think the reversal of conviction here is the result of the application of a super-technicality where no prejudice was actually involved". Sanders, 289 Ala. at 228,266 So.2d at 806.
In a prosecution for grand larceny, it is not necessary to prove the taking of all the property alleged in the indictment. One may be convicted of grand larceny under an indictment alleging the value of the property at $100.00, on proof that the property was worth $25.00 or over. May v. State, 162 Ala. 87,50 So. 360 (1909); Martin v. State, 125 Ala. 64, 28 So. 92
(1900).
 "As a general rule where a particular kind of property is specifically described in an indictment, it must be proved as laid. However, it is no valid objection that the description of the property alleged to have been stolen is broad enough to include more than the proof shows, provided the proof shows a commission of the offense charged. The evidence in the instant case showed the larceny of about $405, consisting of $20 bills, $10 bills, and $5 bills, and the failure to prove the larceny of $2 bills and $1 bills did not constitute a fatal variance between the allegations and the proof." Lee v. State, 20 Ala. App. 334, 335, 101 So. 907, 908, cert. denied, Ex parte Lee, 212 Ala. 135, 101 So. 909
(1924).
Under the rule that on a trial for larceny evidence of the taking of a smaller or larger amount than that charged is admissible, it was competent to show that the defendant gave a note for $22.00 to pay back the money although the amount alleged to have been stolen was $27.00, over the objection that there was a variance. Fowler v. State, 170 Ala. 65, 67,54 So. 115 (1910).
While there was a variance between the pleading and proof in this case, we do not think that it was harmful to the *Page 8 
defendant. For a variance to be material, it must be such as to be misleading or substantially injurious to the accused in making his defense. Blackmon v. State, 46 Ala. App. 274, 276,240 So.2d 696, cert. denied, 286 Ala. 733, 240 So.2d 699
(1970).
Here, the indictment was sufficient (1) to identify the charge lest the defendant should be tried for an offense different from that intended by the grand jury, (2) to enable the defendant to prepare for his defense, (3) to protect the defendant against the possibility of being twice put in jeopardy for the same offense, and (4) to enable the court, after conviction, to pronounce judgment on the record. Sanders,289 Ala. at 228, 266 So.2d 797.
The uncontradicted evidence shows that $400.00 was taken from the register by the defendant. The defendant admitted taking the "money" and "bills" from the register. The only question before the jury was the defendant's intent in removing the money. Consequently, the variance was not harmful. Even if the grand jury had a better description of the money and items taken, we find that its failure to so state in the indictment did not prejudice the defendant under the issues of this case.
Our finding of harmless error is strictly confined to the facts and circumstances of this particular case. While this entire issue could have been avoided by a properly drawn indictment, the defendant should not be permitted to profit from careless pleading which is without prejudice to his cause.
A search of the record reveals that the defendant received a fair trial. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.