LEIGH M. CLARK, Retired Circuit Judge.
A jury found defendant (appellant) guilty of manslaughter in the first degree, under an indictment charging him with murder in the first degree, and fixed his punishment at imprisonment for seven years. The court sentenced him accordingly.
The alleged homicide occurred on December 30, 1979, little more than twenty-four hours before the effective hour of the Criminal Code of Alabama (Code of Alabama 1975, Title 13A), which made material changes in the statutory law of Alabama as to homicide, which, of course, properly were not applied in the instant case.
According to the undisputed evidence, including the testimony of defendant in his own behalf, Eugene Wheeler, the alleged victim, was killed almost instantly by a bullet that penetrated his forehead from a pistol in the hand of defendant. The defendant, having been apprehensive of being hurt or killed by the victim, previously armed himself with the pistol on the same night of the fatal encounter. Soon after the tragedy, defendant directed that he be taken to the police station. The conclusion of his testimony on direct examination was as follows:
“Q. And did you go back to the police station?
“A. Yes, sir.
“Q. What did you do when you got to the police station?
“A. I got out and started for the docket room.
“Q. Did you ever wait around Munche’s to see anybody throw a pistol in the bushes?
“A. No, sir. Like I said — (witness crying).
“Q. When you went to the docket room, did you tell that police station in that statement the same thing you told this jury today?
“A. Yes, sir, I have.
“Q. Did you ever intend to kill that boy? “A. No, sir (witness crying).
“MR. MARSAL: I have no further questions.”
As no contention is made as to the sufficiency of the evidence to support the verdict and we see no basis for such a contention, we make no additional comments as to it other than to say, to the credit of this youthful defendant, that, according to the undisputed evidence, he had a good reputation and that he showed what appears to us to be sincere sorrow and remorse for what occurred.
The only two issues raised by appellant are related to each other, but we will discuss them separately in accordance with their presentation by appellant.
Appellant’s first contention is that “the court erred in denying appellant’s right of compulsory process by attachment.”
When the case was called for trial, defendant’s attorney made it known that a witness by the name of Russell Cumbie had not appeared in court. The transcript shows that a subpoena had been issued for Russell Cumbie and that the request was made at the time by defendant’s attorney that the subpoena be served personally on him. However, instead of its being personally served, it was mailed to him. The transcript does not show whether Cumbie ever received the subpoena. This being true, any request or motion for an attachment was premature.
“. .. Extraordinary compulsory process, such as attachment, is not resorted to, until the witness has placed himself in contempt, and the propriety and the necessity of the process is shown ...” Childress v. State, 86 Ala. 77, 88, 5 So. 775 (1888).
Defendant’s request or motion for an attachment for the absent witness was properly denied.
Defendant’s only other insistence on a reversal is that “the Court erred in denying appellant’s motion for a continuance.” The motion was primarily based, it seems, on the ground that the subpoenaed witness Russell Cumbie was not present. In support of the motion, defendant testified at *1105 length. Included in his testimony was defendant’s statement that Russell Cumbie was with defendant and two other companions, who testified in the case, about forty-five minutes before the killing, which was before defendant obtained the pistol with which the victim was killed, and that at such time the victim threatened to kill defendant. Defendant particularly testified that Russell Cumbie, if he were present would testify to that.” However, defendant further testified that he had not “talked to Russell Cumbie since that occasion.”
As to the motion for a continuance, the defendant based his contention also on the absence of another witness for whom a subpoena had been issued but who, at the time, was apparently unable to attend court on account of her being in labor. It appears that defendant desired for that witness to be present to testify as to what occurred at the time of the fatal encounter, and in support of his motion for a continuance he offered the testimony of a witness who was with the absent witness at the time and place. She testified, however, that the two were not present at the scene of the killing at the time the killing occurred, that the victim had already fallen when they arrived.
In commenting on the motion for a continuance during the hearing thereof and in ruling on it, the judge indicated that he was overruling it for the reason that there was another witness, or that there were other witnesses, to testify as to what each of the absent witnesses would testify.
The trial court’s conclusion, as well as the appellee’s contention, that a motion for a continuance by defendant in a criminal case on the ground of the absence of a witness may be properly denied if the contemplated testimony of the witness is merely cumulative, is authoritatively supported. Segers v. State, 283 Ala. 694, 220 So.2d 882 (1969); Williams v. State, Ala.Cr.App., 354 So.2d 48, cert. denied, 354 So.2d 53 (1977); Green v. State, Ala.Cr.App., 377 So.2d 4 (1979). However, as an apparent caveat to the notion that no case can arise in which a defendant would not be entitled to a continuance because of the absence of a witness whose testimony would be cumulative, Judge Bowen in Green wisely prefaces the principle established by the word “Generally” as follows:
“. .. Generally, the refusal to continue a case on the ground of the absence of a witness is not an abuse of discretion where the testimony which the witness would have given is cumulative.... ” 377 So.2d at p. 6.
A major failure to show a valid ground for a continuance is to be found in the absence from the transcript of any testimony, affidavit, statement or showing of what either witness would reasonably be expected to testify if present. There was considerable evidence and colloquy as to the presencé of Cumbie at the time and place of the claimed threat of the victim to kill defendant. The defendant himself testified that such was made, and no one disputed his testimony in that respect. However, whether Cumbie would corroborate the testimony of defendant as to the threat was left an open question.
As to the testimony that could have been reasonably expected from the absent witness who was in labor at the time, we find in the transcript nothing that would constitute any kind of a showing as to what she would testify other than a vague reference to the position of the body of the victim and the presence or absence of a weapon on the ground at the scene of the killing. To be entitled to a continuance by reason of an absent witness, the party moving for a continuance must show in some satisfactory way the facts he expects to prove by the witness. White v. State, 86 Ala. 69, 5 So. 674 (1889); Gast v. State, 232 Ala. 307, 167 So. 554 (1936); Sparks v. State, 46 Ala.App. 357, 242 So.2d 403 (1970), cert. denied, 286 Ala. 738, 242 So.2d 408, cert. denied, 402 U.S. 909, 91 S.Ct. 1382, 28 L.Ed.2d 650; Smith v. State, Ala.Cr.App., 368 So.2d 298, writ quashed, 368 So.2d 305 (1978).
*1106 In overruling the motion for a continuance, the trial court did not abuse the discretion vested in it.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.