(115 So. 766)

### SISK v. STATE.　(8 Div. 587.)

Court of Appeals of Alabama.　March 13, 1928.

Proctor & Snodgrass, of Scottsboro, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

RICE, J. This defendant was indicted for murder in the second degree for the killing of Walter Morris, his son-in-law. The jury returned a verdict finding defendant guilty of manslaughter in the first degree, and fixing as the punishment three years' imprisonment in the penitentiary.

The first asserted error to be noted is the action of the trial court in overruling defendant's motion to quash the indictment. This motion was predicated upon the ground that one member of the grand jury returning the indictment was related to the deceased "within the prohibited degree." The evidence offered in support of the motion showed the juror to have been a fourth cousin to Morris. This relationship did not disqualify the party as a grand juror; did not vitiate the indictment returned by the body of which he was a member. Code 1923, § 8686, does not make relationship to the injured party a cause for withdrawal of a juror. Furthermore, it is not made to appear that the juror in question participated in the deliberations resulting in the finding of this indictment.

Briefly stated, the evidence discloses a family quarrel; in fact, there were two "rackets," as some of the witnesses termed them. The first started when deceased entered the home of his father-in-law, the defendant. The two, after the exchange of

some words, came together, but were separated. It was on Christmas Night. Deceased's wife and children were visiting in defendant's home. All the family were present and some friends besides. It was suggested that the season was one for peace, and that all should sing a song and be happy. Accordingly deceased raised a familiar hymn, The Old Time Religion, and the gathering sang. But peace did not reign; the Old Religion of which they sang did not penetrate to their souls, at least not all of them. The quarrel was renewed. Before the others present knew what was happening the embittered ones were upon their feet in combat, and defendant was firing his pistol at deceased. The first two shots went wild. The third took deadly effect. While account must be taken of the fact that there were two quarrels—which was carefully done by the trial court in oral charge, the jury being instructed that defendant might have been the aggressor in the first and still avail of the right of self-defense, if free from fault in provoking the second—we note that the evidence for the state is very clearly to the effect that defendant was the aggressor from the time deceased entered the room until the fatal shot was fired, provoking and persisting in the quarrel. The evidence for the state further tended to show that, during the altercation, deceased was unarmed. Defendant's evidence produced a conflict as to these matters. A jury question was clearly presented, the weight of the evidence was with the verdict, and the trial court very properly overruled defendant's motion for a new trial.

■ Complaint is made of the refusal to give four charges requested by the defendant. Of these, charges 14, 16, and 20 were fully and fairly covered by the ample oral charge, as well as special given charges. Hence there was no error in their refusal.

■ Refused charge 6 is as follows:

"The court charges the jury that, if they find from the evidence that the deceased, at the time the gun was fired, was making an assault on the defendant, and that the defendant, in resisting said assault, used force not greatly disproportionate to the character of the assault, and death accidentally resulted, this would be self-defense, and the jury should acquit him."

While in Martin v. State, 90 Ala. 602, 8 So. 858, 24 Am. St. Rep. 844, it was held that the refusal of charge 8 (in the identical language of charge 6 in this case) was reversible error, the later case of Williams v. State, 140 Ala. 10, 37 So. 228, holds such charges to be bad and expressly overrules the Martin Case to this extent. The vice of charge 6 here under consideration is that it pretermits freedom from fault, as was said of a similar charge in the Williams Case, supra. It was hence refused without error.

■ In his argument to the jury the solicitor said:

"If there is any doubt to be given the defendant, the grand jury, in my judgment, has already given it to him in indicting him for murder in the second degree instead of murder in the first degree."

We think this was not without the bounds of legitimate argument. It simply expressed the opinion of the solicitor as to the effect of the evidence.

We find no error. Let the judgment be affirmed.

Affirmed.