20 So.2d 874

### LOVE v. STATE.

7 Div. 799.

Court of Appeals of Alabama.
Nov. 21, 1944.

Rehearing Denied Dec. 12, 1944.

Motley & Motley, of Gadsden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was indicted for assault with intent to murder and was convicted of assault and battery. Title 15, Sec. 323, Code 1940.

The record proper is in every respect regular. It appears that there were no written charges requested and no motion for a new trial.

█ Evidence for the State tended to show that about 10:30 on the night of October 5, 1943, Otho Brewer, a soldier and the alleged assaulted party, entered appellant's taxi-cab and requested to be carried to Camp Sibert. A dispute forthwith arose over the amount to be charged for the trip. Being unable to reach a satisfactory agreement, Brewer got out of the cab after the journey had proceeded only a few blocks. Appellant left his conveyance also and followed a short distance and struck the soldier on the head with a flash light. A fist fight followed. In a lull in the encounter appellant returned to his car and secured a pistol, with which he fired twice at the soldier, one discharge taking effect in the left hand of Brewer. There was no substantial dispute in the evidence relating to the misunderstanding about the taxi fare. Appellant denied that he struck the soldier with a flash light, but admitted firing the pistol, claiming that Brewer at the time was attacking him with a pair of brass knucks.

Without doubt or uncertainty a jury question was presented on the issue of the justification of the assault.

█ During the cross examination of some of the appellant's witnesses the solicitor was allowed by the court, over the timely objections of appellant's counsel, to inquire whether or not the witnesses had talked to anyone about the facts in the case before being called to the witness stand. This did not violate the rule allowing a wide latitude in the cross examination of witnesses. This conclusion is supported by the ruling on a similar inquiry in the case of Lakey v. State, 20 Ala.App. 78, 101 So. 537, certiorari denied Ex parte Lakey, 211 Ala. 615, 101 So. 541.

█ After appellant had made bond, a day or two after the difficulty, he requested two police officers to accompany him, his wife and a friend, to the place where the affray occurred to search for the pair of brass knucks which appellant claimed the soldier used during the fight. A pair of knucks was found by some member of the searching party at or near the scene of the encounter. The soldier denied on the trial that he had any brass knucks and the State took the position that the knucks had been "planted" by appellant or someone for him.

When appellant was being examined as a witness in his own behalf the solicitor was permitted, over seasonable objection of appellant's counsel, to ask a series of questions relating to the length of time appellant remained in jail and when he made bond.

This was permissible, it clearly appears, to develop the circumstances and explain the opportunities surrounding the belated discovery of the brass knucks.

In the solicitor's argument to the jury he stated: "He's lucky he's not on trial for murder in the first degree."

The court overruled objections interposed by appellant's counsel to this statement.

In the case of Sisk v. State, 22 Ala.App. 368, 115 So. 766, 767, the solicitor in his argument to the jury used these words: "If there is any doubt to be given the defendant, the grand jury, in my judgment, has already given it to him in indicting him for murder in the second degree instead of murder in the first degree."

In response to this question this court, through Judge Rice, stated: "We think this was not without the bounds of legitimate argument. It simply expressed the opinion of the solicitor as to the effect of the evidence."

A fair interpretation of the remarks under consideration in the case at bar leads to the unquestioned conclusion that the bounds of legal or proper argument were not overreached. It did not include a statement of facts not supported by the evidence, but a mere expression of opinion by the attorney which an inference from the testimony justified. Treadwell v. State, 168 Ala. 96, 53 So. 290; Childress v. State, 86 Ala. 77, 5 So. 775.

We have endeavored to discuss all questions presented by the record. The case was tried with evident care and caution, and the judgment of the primary court is due to be affirmed. It is so ordered.

Affirmed.