Matt Murphy, Jr., of Birmingham, for appellant.

Si Garrett, Atty. Gen., for the State.

52 So.2d 415

## COMMONS v. STATE.

### 6 Div. 127.

Court of Appeals of Alabama.

May 8, 1951.

CARR, Presiding Judge.

On an indictment charging assault with intent to murder, the indictee was convicted of assault and battery.

The general affirmative charge was not requested in defendant's behalf; neither was there a motion for a new trial. No

·questions are presented for review incident to the introduction of the testimony.

■ We have often declared that review by the appellate courts is limited to those matters on which rulings at nisi prius proceedings were timely invoked. Kornegay v. State, 34 Ala.App. 274, 38 So. 2d 606; Parcus v. State, 19 Ala.App. 592, 99 So. 662.

The record discloses:

"During Asst. Solicitor McCall's closing argument he referred to the fact that before a defendant could be tried on a criminal charge witnesses had to go before a grand jury and testify and an indictment returned against the defendant.

"Mr. Murphy: We object to that statement by Mr. McCall on the ground that it is incompetent, immaterial, irrelevant and illegal.

"Mr. McCall: That's the regular procedure of court.

"The Court: Overruled.

"Mr. Murphy: We except."

■ There is a legal inaccuracy in the assistant solicitor's statement, if what he said is correctly stated. However, his assertion amounted only to an explanation of the procedure and processes preliminary to trial of criminal felonies. There is nothing in the statement that could in any manner injure the substantial rights of the accused.

In the case of Sisk v. State, 22 Ala.App. 368, 115 So. 766, we refused to charge error to the solicitor's reference to the activity of the grand jury which returned the indictment. Clearly this statement had more possibility of harm to the defendant than the assertion in the case at bar.

■ Written refused charge number 1 was approved by this court in Davis v. State, 7 Ala.App. 122, 61 So. 483. On the authority of Wilson v. State, 243 Ala. 1, 8 So.2d 422, we departed from this view in Bankhead v. State, 33 Ala.App. 269, 32 So. 2d 814.

See also, Walker v. State, 33 Ala.App. 614, 36 So.2d 117.

The judgment below is ordered affirmed.

Affirmed.