79 So.2d 64

**Walter Dan OATES**

**v.**

**STATE.**

8 Div. 787.

Supreme Court of Alabama.

Feb. 24, 1955.

Howell Thomas Heflin, Tuscumbia, for petitioner.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., opposed for appellee.

LAWSON, Justice.

Walter Dan Oates was convicted in the circuit court of Colbert County of the offense of manslaughter in the first degree. The judgment of conviction was affirmed by the Court of Appeals.

On the petition of Oates, we granted certiorari in order that we might review the Court of Appeals' holding to the effect that the trial court correctly sustained objections interposed by counsel for the State

to certain questions asked by defense counsel during the cross-examination of Cora Lee Oates, a sister of the deceased and the wife of the defendant below, who was present at the shooting and who was a witness for the prosecution. The questions to which we referred above read as follows:

(1) "Have you talked with Travis Thirlkill and Oakley Adams and reviewed all the facts about how this happened?

(2) "Cora, has anybody told you here before, had anybody told you beforehand, in order to build a good case against Walter here, it would be necessary for you to say he shot at Mary?"

■ It has long been the rule in this state, recognized by the decisions of the Court of Appeals as well as those of this court, that it is permissible on cross-examination to inquire of a witness as to whether he had talked to others about the facts in the case before being called to the witness stand. Boulden v. State, 102 Ala. 78, 15 So. 341; Banks v. State, Ala. 39 So. 921; Smith v. State, 182 Ala. 38, 62 So. 184; Knowles v. Blue, 209 Ala. 27, 95 So. 481; Williams v. State, 18 Ala.App. 573, 93 So. 284; Lakey v. State, 20 Ala. App. 78, 101 So. 537, certiorari denied Ex parte Lakey, 211 Ala. 615, 101 So. 541; Love v. State, 31 Ala.App. 584, 20 So.2d 874, certiorari denied 246 Ala. 468, 20 So.2d 876.

We do not understand the opinion of the Court of Appeals presently under review to hold to the contrary, although the questions to which that court held objections were properly sustained sought to elicit such information.

The reasons given by the Court of Appeals in upholding the rulings of the trial court relative to the questions of instant concern are incorporated in one paragraph of its opinion, which we quote:

"Both of these questions are too general. We cannot conceive how the witness could have made a responsive answer as to whether she had reviewed all the facts with the persons named.

The second question if attempting to elicit the fact that some person had attempted to get her to testify falsely should have pointed out the particular person alleged to have tampered with the witness."

The criticism made by the Court of Appeals of the second question is not in accord with the decisions of the appellate courts of this state. In Banks v. State, supra, it was said: "It is always permissible for the opposite party, to ask a witness examined against him, to whom he has talked about the case, and there was no error in allowing such a question to the defendant's witness, Turner Spruell."

In Lakey v. State, supra, Judge Bricken, writing for the Court of Appeals, said:

"There is no merit in the exception reserved to the ruling of the court, upon the cross-examination of defendant's witness Mrs. Gordon. The solicitor asked her: 'Who have you been talking to about this case?' As stated, the testimony here objected to by counsel for the defendant was on the cross-examination of the defendant and one of his witnesses, and was properly allowed by the court. May v. State, 202 Ala. 697, 79 So. 877; Stevenson v. State, 18 Ala.App. 174, 90 So. 140. In these cases the rule is laid down to the effect that there is a wide latitude allowed in the cross-examination of the witnesses which will not be interfered with by an appellate court, unless the discretion of the lower court is shown to have been abused; no abuse of the court's discretion appears in this connection here." 20 Ala.App. 81, 101 So. 540.

Judge Carr, writing for the Court of Appeals in Love v. State, supra [31 Ala.App. 584, 20 So.2d 875], held:

"During the cross examination of some of the appellant's witnesses the solicitor was allowed by the court, over the timely objections of appellant's counsel, to inquire whether or not the witnesses had talked to anyone about the facts in the case before being called to the witness stand. This did

not violate the rule allowing a wide latitude in the cross examination of witnesses. This conclusion is supported by the ruling on a similar inquiry in the case of Lakey v. State, 20 Ala.App. 78, 101 So. 537, certiorari denied Ex parte Lakey, 211 Ala. 615, 101 So. 541."

We are of the opinion that the first question is not subject to the objection that it is too general. The question was so framed that the witness could have answered it in the affirmative or negative, or if she did not remember having "reviewed all the facts about how this happened" with the two persons named in the question, she could have so stated.

We are of the opinion that the holding of the Court of Appeals to the effect that the trial court correctly refused to permit the witness to answer on the ground that the questions were too general is not in accord with the decisions of this court and the Court of Appeals to which we have heretofore referred. For that reason, the judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings.

Reversed and remanded.

All the Justices concur.