BOWEN, Judge.
This is an appeal from a conviction of manslaughter in the first degree and a sentence of ten years’ imprisonment. The undisputed evidence reveals that on August 15, 1976, the appellant and his wife were separated, that he went to her apartment and, with the knowledge that someone other than his wife was inside the apartment, fired one or two shots into the front window. The appellant then went around to the rear of the apartment and fired several additional shots from a .32 caliber revolver into another window. The deceased, Robert Lee Brown, was in the living room during the shooting and died from a .32 caliber bullet wound in his head. The appellant testified at trial and admitted firing the *774 pistol but maintained that he “just lost complete control”, “couldn’t really see” because his eyes were blurred, did not aim at anything, and did not realize what he was doing when he fired his pistol.
I
Initially the appellant argues that it was error for the trial court to permit the prosecution to lead and impeach its own witness. In overruling the objection of defense counsel the trial court made a specific finding that the prosecution had been surprised by the testimony of its witness.
A party who has been surprised by his own witness may interrogate him, lead him, and in effect cross examine him, in the discretion of the trial court in order to refresh his recollection or to show surprise. Randolph v. State, Ala.Cr.App., 331 So.2d 766, cert. denied, Ala., 331 So.2d 771 (1976); Strickland v. State, 269 Ala. 573, 114 So.2d 407 (1959); Washington v. State, 155 Ala. 2, 46 So. 778 (1908); and cases cited at 19A Alabama Digest, Witnesses, 380(5). The record fully substantiates the finding of surprise made by the trial judge. Therefore his ruling in this regard was proper and within the bounds of his lawful discretion.
II
During the state’s case, a prosecution witness, Officer K. R. Lewis of the Birmingham Police Department, testified on direct examination that during his investigation of the crime scene he found one bullet or bullet fragment in the living room floor of the apartment and that there was only one bullet hole in the screen of the living room window. Following defense counsel’s cross examination of Officer Lewis trial was recessed for the day. The next morning the state called Officer Lewis to the stand and on redirect examination the witness testified that he had reviewed his notes and diagrams made during his investigation at the scene of the crime and had recorded two bullet holes in the window screen instead of one hole as he previously testified.
The law is settled that it is within the discretion of the trial court to allow a witness to be recalled and to correct a statement previously made. Rhodes v. Lowry, 54 Ala. 4 (1875); Mann v. State, 134 Ala. 1, 32 So. 704 (1902). For the purpose of presenting true and accurate evidence, a witness may be permitted to correct his testimony, it being for the trial judge, in the exercise of his judicial discretion, to determine when such is to be allowed. 98 C.J.S. Witnesses § 318b, p. 17.
The rulings of the trial judge were designed to promote a truthful and factual determination of the witness’s testimony and the facts in issue. In our opinion his actions were proper and in accord with established rules of evidence and procedure.
Ill
We have carefully reviewed the evidence and find that the trial court properly denied defense counsel’s motion to exclude the evidence presented by the state. The motion was based on the contention that there was no connection shown between the fatal wound sustained by the deceased and the shots fired by the appellant.
The evidence presented by the state revealed that the appellant fired a .32 caliber pistol into an occupied apartment house and that at this same time the deceased was struck and killed by a gunshot from a .32 caliber pistol. The state did not prove that the bullet found in the head of the deceased was in fact fired from the appellant’s pistol.
The corpus delicti in a homicide prosecution and evidence sufficient for a conviction of the crime of murder may be established through circumstantial evidence, and are sufficient if the effect on the jury’s mind is to produce a conviction of the guilt of the defendant beyond a reasonable doubt. Brown v. State, Ala.Cr.App., 331 So.2d 820 (1976). From the evidence presented we can find no fact which would give the jury reason to doubt the appellant’s commission of the homicide. Whether the appellant actually shot the deceased was a question for the jury. The verdict *775 was not based on conjecture or speculation and the jury had no reason to believe that the death of the deceased was caused by anything other than the actions of the appellant.
IV
The last contention for reversal asserted by the appellant is that the trial court committed reversible error by failing to grant a mistrial due to the improper statement of the prosecutor in closing argument. From the record:
“MR. DICK (Deputy District Attorney): He had already called and said he was gonna kill Dorothy May, I submit to you.
“MR. MAPLES (Defense Counsel): We object to that. There is a statute that provides that she does not have to testify and she elected not to testify.
“MR. ROGERS (Defense Counsel): We ask for a mistrial.
“THE COURT: Overrule the motion for the mistrial.
“MR. DICK: I withdraw it.
“THE COURT: He withdraws that and I instruct the jury to disregard that.”
Under cross examination by the state, the appellant denied he had talked to his wife on the telephone before coming to her apartment and denied having threatened to kill her. The appellant admitted that she called him that morning and told him that her car was giving her trouble.
Though the state called the wife of the appellant to testify for the prosecution, she refused to testify against her husband and her refusal was honored by the trial judge.
In view of the withdrawal of the objected to remarks, the prompt action of the trial court in instructing the jury to disregard the matter, and the failure of defense counsel to pursue the objection, we will not predicate error on this contention. Oates v. State, 38 Ala.App. 158, 79 So.2d 61, reversed on other grounds, 262 Ala. 182, 79 So.2d 64 (1955); Espey v. State, 270 Ala. 669, 120 So.2d 904 (1960); Canada v. State, 56 Ala.App. 722, 325 So.2d 513, cert. denied, 295 Ala. 395, 325 So.2d 516 (1975); Paul v. State, 48 Ala.App. 396, 265 So.2d 180, cert. denied, 288 Ala. 747, 265 So.2d 185 (1972); Slinker v. State, Ala.Cr.App., 342 So.2d 44 (1977).
We have reviewed the record on appeal and found no error prejudicial to the accused. The judgment of the trial court is therefore affirmed.
AFFIRMED.
All Judges concur.