BOWEN, Presiding Judge.
The defendant was indicted and convicted for murder. Sentence was twenty years’ imprisonment. One issue is presented on appeal.
The record reflects the following occurred during the prosecutor’s closing argument to the jury:
“MR. IGOU (District Attorney): ... ‘It never would have gotten out of the grand jury. If somebody points a gun at you
“MR. WILKINSON (Defense Counsel): Excuse me. We object to that statement, please the Court.
“THE COURT: Overruled.”
“An argument to the jury concerning the fact that an indictment had been returned in the case after a hearing of the evidence by the grand jury, and that the grand jury must have believed accused guilty, has been held improper; but a remark or argument relating to prior determination of the facts by the grand jury in indicting accused has been held not to injure substantial rights of accused.” 23A C.J.S. Criminal Law, Section 1104.
In argument to the jury, the prosecutor’s explanation of “the procedure and processes preliminary to trial of criminal felonies” does not constitute prejudicial error. Commons v. State, 36 Ala.App. 86, 87, 52 So.2d 415 (1951) (Prosecutor’s reference to the facts that before a defendant could be tried on a criminal charge witnesses had to go before a grand jury and testify and an indictment returned did not injure substantial rights of accused). In Sisk v. State, 22 Ala.App. 368, 369, 115 So. 766 (1928), a similar remark was held “not without the bounds of legitimate argument. It simply expressed the opinion of the solicitor as to the effect of the evidence.” In Sisk, the solicitor argued, “If there is any doubt to be given the defendant, the grand jury, in my judgment, has already given it to him in indicting him for murder in the second degree instead of murder in the first degree. See also Love v. State, 31 Ala.App. 584, 586, 20 So.2d 874 (1944) (Statement that “he’s lucky he’s not on trial for murder in the first degree” did not overreach the bounds of proper argument).
These arguments must be distinguished from those of the character of the one condemned in Wideman v. State, 40 Ala.App. 5, 7, 110 So.2d 295 (1957), affirmed, 269 Ala. 49, 110 So.2d 298 (1959). There the prosecutor argued that “if they hadn’t brought enough evidence to convict this defendant the Court would not have allowed the case to go to the jury.” Arguments by the prosecutor calculated to give the jury the impression that the court believes the accused guilty are improper and ground for reversal. Adkins v. State, 38 Ala.App. 659, 661, 93 So.2d 519 (1956), cert. denied, 265 Ala. 666, 93 So.2d 522 (1957) (In closing argument the prosecutor remarked that “if the State had not made out a case the court would have taken it from the jury”). However, such remarks may not constitute reversible error if the defendant’s objection is sustained and the jury is admonished that the argument is improper. Adkins, 265 Ala. at 667, 93 So.2d 522. See also Robinson v. State, 389 So.2d 144, 149 (Ala.Cr.App.), cert. denied, Ex parte Robinson, 389 So.2d 151 (Ala.1980) (Prosecutor’s comment “That’s why — the prosecutor’s — , —to prosecute the ones that are guilty and dismiss the cases against the ones that are innocent” was not of such magnitude as to be ineradicable). See also Ross v. State, 46 Ala.App. 88, 94-95, 238 So.2d 887 (1970) (Remarks were not a cause for reversal where prosecutor stated, “If there had been any question on her part, then under the circumstances, I think it would have been my sworn duty to have told the Court — advise the Court and ask for a nol pros of the case then and there and not go through with any trial”).
We strongly condemn any statement by the prosecutor which conveys to the jury the impression that the grand jury would not have indicted the defendant if he had not been guilty. Here, we cannot say that the prosecutor’s remarks go that far.
*1328 The record reveals only a small portion of what the District Attorney actually said. We have no idea of the context in which the statement was made. The record is too incomplete for this Court to find that it was prejudicial to the defendant. Embrey v. State, 283 Ala. 110, 118, 214 So.2d 567 (1968); Williford v. State, 365 So.2d 1257, 1258 (Ala.Cr.App.1978), cert. denied, Ex parte Williford, 365 So.2d 1258 (Ala.1979). The record “does not sufficiently disclose what was said in its context for us to say the argument was improper.” Mincy v. State, 262 Ala. 193, 196, 78 So.2d 262 (1955). Here, the trial judge was in the best position to determine the prejudicial nature of the objected to remark since he knew the context in which it was made.
Additionally, the objection made was only general and was not sufficient to preserve the alleged error. Where part of the argument objected to was permissible and material, and the objection did not separate the material portion from what was deemed improper, the objection was overruled without error. Emerson v. State, 281 Ala. 29, 35, 198 So.2d 613 (1967).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.